CAROLINA TRANSPORTATION AND DISTRIBUTING COMPANY AND WOLFE & CRANE COMPANY v. AMERICAN ALLIANCE INSURANCE COMPANY.

(Filed 4 January, 1939.)

**1. Insurance § 50—When action nonsuited is instituted within time limit of policy, action instituted within one year thereafter is not barred.**

The policy of carrier liability insurance in suit provided that no action on any claim thereunder should be maintained unless instituted within

one year of the loss. Within one year of the loss action was instituted by the shipper against the carrier and the insurer, which action was nonsuited as to the insurer. This action was instituted by the carrier and shipper against the insurer within one year of the judgment as of nonsuit to recover for the same loss. *Held:* Under the provisions of C. S., 415, permitting the institution of actions within one year after nonsuit, the present action is not barred by the policy provision.

**2. Limitation of Actions § 11—C. S., 415, applies to limitations generally.**

C. S., 415, providing that when an action instituted within the time prescribed is nonsuited, plaintiff may bring another action within one year after such nonsuit, applies to limitations generally, including a contractual limitation in a policy of liability insurance, and not solely to limitations which are strictly statutes of limitation.

**3. Same—**

Dismissal or nonsuit as to one defendant for misjoinder of parties and causes is a nonsuit within the provisions of C. S., 415, permitting plaintiff to institute another action within one year of nonsuit when the original action is instituted within the time prescribed.

**4. Insurance § 48—**

Anyone for whose benefit an insurance policy is issued, covering the legal liability of the insured, as distinguished from a mere indemnity contract, may maintain an action directly against the insurer.

**5. Insurance § 50—Judgment against insured in action to which insurer is a party is conclusive on insurer.**

A shipper instituted action against the carrier and the insurance company insuring the carrier against legal liability, to recover for a loss *in transitu,* both defendants having been served with summons. Insurer obtained dismissal as to it for misjoinder of parties and causes, and judgment by default was entered against the carrier for the loss sustained, but was not paid because of insolvency of the carrier. This action was instituted by the carrier and shipper against the insurer to recover for the same loss. *Held:* The judgment against the carrier in the action to which the insurer was a party and which it had opportunity to defend, is conclusive on the insurer, and it may not set up independent defenses such as the negligence of the carrier in failing to protect the cargo after the wreck of the truck transporting same, and upon pleadings admitting the above facts, judgment that the shipper is entitled to recover of the insurer, and retaining the action for ascertainment of the amount of the recovery by the jury, is not error.

APPEAL by defendant from *Phillips, J.,* at August Term, 1938, of GUILFORD. Affirmed.

*Roberson, Haworth & Reese for plaintiff, appellee.*
*Smith, Wharton & Hudgins for defendant, appellant.*

SCHENCK, J. An action was first instituted in the municipal court of the city of High Point by the Wolfe & Crane Company against the Carolina Transportation & Distributing Company and the American

Alliance Insurance Company upon an insurance policy issued by said insurance company to cover the legal liability of said transportation and distributing company as a carrier for the loss of a shipment of rugs from Philadelphia, Pa., and Trenton, N. J., to High Point, N. C. The loss occurred on 21 November, 1931, while the policy was in effect, and the action was instituted on 5 May, 1932. On 6 February, 1935, upon motion of the insurance company, the action was dismissed by the municipal court for misjoinder of parties defendant, and upon appeal to the Superior Court the order of dismissal was affirmed on 30 August, 1935. The insurance company did not defend the action against the transportation and distributing company, and judgment was obtained on 7 March, 1933, against said company for $3,197.10 with interest. The present action was instituted in the municipal court of High Point on 3 March, 1936, by the present plaintiffs on the above mentioned policy of insurance against said insurance company to recover for the loss of the aforesaid shipment of rugs. The present action and the original action are substantially the same, both being predicated upon loss of the same cargo covered by the same policy of insurance.

The aforesaid policy of insurance contains, *inter alia*, the following provision: "No suit or action for the recovery of any claim arising under this policy shall be maintainable in any court, unless such suit or action shall have been commenced within one year from the date of the happening of the loss out of which said claim arose."

The refusal of the municipal court to dismiss the action, and the affirmation of such ruling by the Superior Court, for the reason that the present action was not commenced within one year from the date of the happening of the loss out of which the claim arose, is made the basis of appellant's exceptive assignment of error No. 1.

We are of the opinion, and so hold, that said assignment cannot be sustained. The loss occurred on 21 November, 1931. The original action was instituted on 5 May, 1932, within a year of the loss. The action was finally dismissed or nonsuited as to the insurance company for misjoinder on 30 August, 1935. The present action was instituted on 3 March, 1936, within a year of the nonsuit. C. S., 415, reads: "If an action is commenced within the time prescribed therefor, and the plaintiff is nonsuited, . . . the plaintiff . . . may commence a new action within one year after such nonsuit."

"This statute, Code, sec. 166 (C. S., 415), contains no exception of cases under section 1498, or of *any other cases* where the time prescribed for bringing the original action might not be strictly a statute of limitation. We know no cause why the privilege to commence a new action within a year after nonsuit should not apply equally to all cases of nonsuit. The statute makes no distinction, and there is cer-

tainly none in the reason of the thing, which is the same as to that class of cases as in any others." *Meekins v. R. R.*, 131 N. C., 1.

"Nonsuit is the name of a judgment given against the plaintiff when he is unable to prove a case, or when he refuses or neglects to proceed to the trial of a cause at issue and leaves this issue undetermined. It is provided by statute that if an action is commenced within the time prescribed therefor and the plaintiff is nonsuited he may commence a new action within one year after such nonsuit. . . ." *Cooper v. Crisco,* 201 N. C., 739, and cases there cited.

This action was heard by the municipal court of the city of High Point on 16 January, 1937, on motion of plaintiff for judgment on the pleadings and on motion of defendant to dismiss the action, and the court found the facts from the allegations and admissions in the pleadings, and overruled defendant's motion to dismiss, and adjudged that the plaintiff recover of the defendant $3,197.10 with interest. Upon appeal to the Superior Court this judgment was affirmed in so far as it overruled the motion to dismiss and in so far as it held that the plaintiff was entitled to recover, but directed that the case be remanded that the municipal court might submit to a jury an issue as to the amount of the recovery, and upon appeal from the judgment of the Superior Court to the Supreme Court, the appeal was dismissed as premature. *Distributing Co. v. Ins. Co.,* 212 N. C., 665.

On 5 April, 1938, the case came on for hearing before the municipal court, upon the issue as to the amount of the recovery, or the amount of indebtedness of the defendant to plaintiff. The plaintiff introduced in evidence the judgment for $3,197.10 against the Carolina Transportation & Distributing Company in favor of the Wolfe & Crane Company. No other evidence was introduced. The court directed that the issue be answered in the sum of $3,197.10 with interest. Upon the answering of the issue as instructed, the court signed judgment that the plaintiff recover of the defendant the sum of $3,197.10 with interest, from which judgment the defendant appealed to the Superior Court, assigning errors.

The judgment was entered in the Superior Court affirming the judgment of the municipal court, and appeal therefrom to the Supreme Court was perfected by the defendant insurance company.

Appellant's assignments of error 2 to 11 are to the overruling by the judge of the Superior Court of defendant's exceptions to facts found by the municipal court, and to the holding by the Superior Court that the plaintiff was entitled to relief prayed for and granting judgment on the pleadings, with only the amount of the recovery to be ascertained by the jury.

The findings of fact, upon which the judgment of the municipal court that the plaintiff recover of the defendant is predicated, are based upon and fully sustained by admissions in the pleadings. They are substantially as follows: (1) Wolfe & Crane Company, plaintiff, is engaged in the business of selling rugs in Philadelphia, Pa., and Trenton, N. J., and maintains a show room in High Point, N. C.; (2) the Carolina Transportation & Distributing Company was engaged in trucking business and hauled freight from various points to High Point; (3) the American Alliance Insurance Company is engaged in general casualty, liability, and marine insurance business, doing business in North Carolina; (4) on 1 October, 1931, the said insurance company issued to said transportation and distributing company an insurance policy covering the legal liability of the latter as a common carrier; (5) on 20 November, 1931, Wolfe & Crane Company delivered to the Carolina Transportation & Distributing Company a shipment of merchandise (rugs) of the value of $3,197.10 at Philadelphia and Trenton to be carried to High Point; (6) while carrying said shipment through the state of Maryland, the truck upon which the cargo was loaded was wrecked on 21 November, 1931, and the driver of the truck was compelled to leave it to receive medical aid, but before leaving the truck he notified the home office of the transportation and distributing company in High Point of the wreck; that before the cargo could be salvaged and protected, it was removed by parties unknown; (7) the Carolina Transportation & Distributing Company exhibited to Wolfe & Crane Company copy of the insurance policy issued to it by the American Alliance Insurance Company, which copy had been furnished the transportation and distributing company by the insurance company for the purpose of being shown to prospective shippers; (8) on 5 May, 1932, Wolfe & Crane Company instituted an action against the Carolina Transportation & Distributing Company and the American Alliance Insurance Company for loss sustained by it on account of the loss of the shipment; that the service of summons was made upon both defendants; (9) the American Alliance Insurance Company filed answer, but the Carolina Transportation & Distributing Company did not make appearance; (10) on 7 March, 1933, Wolfe & Crane Company obtained judgment by default against the Carolina Transportation & Distributing Company for $3,197.10 with interest, which judgment is unpaid; and said transportation and distributing company is insolvent; (11) on 6 February, 1935, the municipal court of the city of High Point, on motion of the insurance company, dismissed the action instituted on 5 May, 1932, against the American Alliance Insurance Company on the ground of misjoinder of parties; that appeal from said judgment of dismissal was taken to the Superior Court, where on 30 August, 1935, the said

judgment was affirmed; (12) on 3 March, 1936, the present action was instituted by the plaintiff, as owner of the lost shipment, against the American Alliance Insurance Company on the insurance policy issued by it to the Carolina Transportation & Distributing Company, covering its legal liability as a common carrier.

The judgment of the municipal court was modified and affirmed on appeal to the Superior Court, and the case was remanded to the municipal court that the issue of indebtedness might be answered by a jury. At a subsequent hearing in the municipal court, this issue was submitted to the jury and answered in the sum of $3,197.10. The only evidence submitted to the jury being the default judgment obtained 7 March, 1933, by Wolfe & Crane Company against the Carolina Transportation & Distributing Company.

We are of the opinion that the facts found by the municipal court, together with the answer of the jury to the issue, support the judgment of that court, and the exceptions to the judgment of the Superior Court affirming the judgment of the municipal court are untenable.

It seems to be settled law that anyone for whose benefit an insurance policy is issued, covering the legal liability of the insured, may maintain an action directly against the insurer for any loss suffered.

"As a general rule, the owner of goods insured by a warehouseman, bailee, or carrier as held in trust, or on commission, or under any contract of similar import, may, as the real party in interest, or the party for whose benefit the policy was taken, maintain an action thereon directly against the insurer." Couch's Cyclopedia of Insurance Law, sec. 2060.

"This policy, however, is not one of mere indemnity against loss, but covers the legal liability of the assured (see 36 C. J., 1096), and is for the benefit of owners of the cargo as well as of the carrier. . . . under the clause covering the carrier's legal liability, the owners of cargo may recover for loss which they have sustained, and for which the carrier is liable." *Sorenson v. Ins. Co.,* 20 F. (2d), 640.

Under a policy covering the legal liability of a carrier, in an action by the owner of the cargo for the loss thereof against the carrier of which the insurer had notice and an opportunity to defend, a judgment secured by the owner of the cargo against the carrier is conclusive as to the insurer. *Ins. Co. v. Ry. Co.,* 291 Fed., 358.

The Wolfe & Crane Company, being one for whose benefit the policy in suit was issued, is a proper party to maintain an action against the American Alliance Insurance Company, which issued the policy; and the said insurance company, having been a party to the original action in which judgment by default was rendered against the insured transportation and distributing company, and having elected not to defend

the action against the insured but to content itself with procuring a dismissal of the action as to it, cannot now set up independent defenses, such as negligence on the part of the insured in failing to protect the cargo after the wreck of the truck, as the only question open for determination was the amount of the indebtedness of the insured to the plaintiff, the owner of the lost cargo, for whose protection the policy in suit was issued. *R. R. v. Lassiter & Co.*, 208 N. C., 209.

We have examined all of the assignments of error made by the appellant, and are left with the impression that no reversible error has been committed in either the municipal court or the Superior Court.

Judgment affirmed.