J. W. HALL, ADMINISTRATOR OF THE ESTATE OF BETTY SUE HALL, v. HAR-
LEYSVILLE MUTUAL CASUALTY COMPANY AND THE MUTUAL AUTO
FIRE INSURANCE COMPANY.

(Filed 21 March, 1951.)

**1. Pleadings § 17—**

A demurrer should point out the particular facts which should have
been, but are not alleged.

**2. Insurance § 48—**

Where a policy insures against liability as distinguished from mere
indemnity, coverage attaches when liability attaches regardless of actual
loss by insured at the time, which coverage inures to the benefit of an
injured third person who may sue the insurer as soon as the liability of
the insured has been established by judgment, *a fortiori* where the policy
itself provides that such injured person who has secured judgment against
insured is entitled to recover under the policy.

**3. Same—**

Complaint in an action by the injured third person against insurer in
a liability policy will not be held demurrable for failure to identify the
particular vehicle insured when the policy provides coverage as to any
other automobile driven by insured, and the complaint identifies insured
as the driver of the vehicle causing the injury.

**4. Insurance § 44d—**

Complaint in an action by the injured third person against insurer in
a liability policy alleging notice to insurer of plaintiff's claim and insurer's
refusal to appear and defend the action against insured, and the obtaining
of judgment against insured, *is held* not demurrable for failure to allege
compliance by insured with the conditions and terms of said policy, since
conditions as to the conduct of insured subsequent to the accident relate
to affirmative defenses notwithstanding they may be designated as condi-
tions precedent, and plaintiff is not required to negative the existence of
an affirmative defense.

. APPEAL by defendant from *Armstrong, J.,* October Term, 1950,
WILKES.

Civil action by third party beneficiary to recover on automobile lia-
bility insurance policy, heard on demurrer.

The plaintiff alleges the death of his intestate as the proximate result
of the negligent operation of a motor vehicle by one Ernest Cleary, the
recovery of judgment against Cleary for said wrongful death, the return
of execution *nulla bona,* the issuance by defendant of its automobile
liability insurance policy insuring Cleary against liability for damages
because of bodily injury or death sustained by any person as a result of
Cleary's operation of a motor vehicle, notice to defendant of the original
action against Cleary, and that the policy was in full force and effect at
the time of the injury to and death of his intestate.

Defendant demurred for that "the complaint fails to state a cause of action against these defendants for that" (1) "it alleges or attempts to allege an obligation between the plaintiff and these defendants when, in fact, no such obligation exists;" (2) "there are no allegations in said complaint which create in the plaintiff any right to be a proper party plaintiff in an action against these defendants;" (3) "the complaint does not allege that either a contract or a breach thereof exists that would give rise to a cause of action between plaintiff and these defendants."

The demurrer was overruled and defendant appealed.

*W. H. McElwee, Jr., and R. F. Crouse for plaintiff appellee.*

*Broughton, Teague & Johnson and Larry S. Moore for defendant appellants.*

BARNHILL, J. It is to be noted in the beginning that the demurrer is in general terms. It does not point out any particular fact which should be but is not alleged. It seems to be directed solely to the contention that plaintiff as a third party beneficiary has no right to maintain an action on the policy. Even so, we take note of certain contentions advanced by defendant in its brief as to why the complaint fails to state a cause of action.

It is settled law with us that where the policy of insurance is against liability and not of indemnity and the liability of the insured has been established by judgment, the injured person may maintain an action on the policy of insurance, that is, coverage attaches when liability attaches, regardless of actual loss by the insured at the time, and the coverage inures to the benefit of the party injured. *Distributing Co. v. Insurance Co.,* 214 N.C. 596, 200 S.E. 411; 6 Blashfield, Part 2, 104.

But here plaintiff is not required to look to, and we need not cite, former decisions of this Court. The right of action by a third party beneficiary is stipulated in the policy.

"Any person or organization or the legal representative thereof who has secured such judgment (against the insured) or written agreement (agreement signed by the insured, the claimant, and the company) shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy."

The policy of insurance which is made a part of the complaint insures, primarily, against liability arising out of the operation of the particular motor vehicle described in the policy. Defendant in its brief contends that as it is not alleged the death of plaintiff's intestate arose out of the negligent operation of this particular vehicle, the complaint fails to state a cause of action against defendant. But, on this record, such is not the case. The rider attached to the policy provides that "If the

named insured is an individual who owns the automobile classified as 'pleasure and business' or husband and wife either or both of whom own said automobile, such insurance as is afforded by this policy for bodily injury liability . . . with respect to said automobile applies with respect to any other automobile, subject to the following provisions . . ." And the provisions attached do not necessarily exclude the automobile involved in the collision which caused the death of plaintiff's intestate. That remains a matter of proof at the hearing. The allegation in this respect is sufficient to repel the demurrer.

The plaintiff alleges notice to defendant of plaintiff's claim and defendant's refusal to appear and defend the original action against the insured. While the defendant now directs attention to the failure of plaintiff to allege that the insured complied with the conditions and terms of said policy, it cites no decision from this or any jurisdiction in which it is held that such allegation is essential to the statement of a cause of action upon a liability insurance policy.

"The designation of the condition as a condition precedent does not necessarily vary the court procedure or the rules of evidence which places the burden of proving an affirmative defense upon the party making it, especially where the condition relates to the conduct of the insured subsequent to the accident maturing the liability." *MacClure v. Casualty Co.,* 229 N.C. 305. Plaintiff is not required to negative the existence of an affirmative defense.

Whether plaintiff may offer evidence sufficient to bring his cause within the rule which renders defendant liable under its policy to the party injured by the negligent operation, by the insured, of an automobile covered by the policy is a question which must await the day of trial. The allegations contained in his complaint are sufficient to entitle him to the right to attempt to do so. This is all we are now required to decide.

The judgment overruling the demurrer is

Affirmed.