JAMES LAWRENCE SMITH v. R. R. KING, JR., T/D/B/A KING LEAVITT INSURANCE AGENCY AND SHELBY MUTUAL INSURANCE COMPANY

No. 8028SC852

(Filed 19 May 1981)

1. **Bailment § 3.3; Contracts § 14.1— motorcycle stolen from bailee's possession—bailor as third party beneficiary of insurance contract**

   Where plaintiff left his motorcycle with a repair shop for servicing, during the time it was in the possession of the bailee it was stolen, and plaintiff brought this action to recover under an insurance policy which purportedly covered the loss of any customer who had a motorcycle stolen from the keeping of the bailee, the trial court erred in granting judgment on the pleadings for defendant insurer, though plaintiff's failure to plead a prior judgment against the bailee would preclude recovery against the bailee's insurance company under a liability insurance policy, since nothing in the pleadings in this case established that the contract of insurance was one against liability; rather, plaintiff's allegation was to the effect that the policy covered any loss to the bailee's customer, not just those for which the bailee was liable.

2. **Unfair Competition § 1— motorcycle stolen from bailee—insurer's refusal to pay claim—no unfair competition**

   In plaintiff's action to recover against the insurer of a bailee from whom plaintiff's motorcycle was stolen, the trial court's judgment on the pleadings in favor of defendant was proper to the extent that it overruled plaintiff's claim for unfair trade practices, where plaintiff based his claim on G.S. 58-54.4(11), but plaintiff, by his own characterization, was a third party beneficiary, while the statute applied only to first party claims; and plaintiff alleged a single refusal by defendant to settle a claim, while the statute required failure to settle "with such frequency as to indicate a general business practice."

APPEAL by plaintiff from *Thornburg, Judge.* Judgment entered 20 May 1980 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 13 March 1981.

Smith v. King

In October 1979, the plaintiff left his 1979 Harley-Davidson motorcycle with Bynum McRary, d/b/a McRary Harley-Davidson, for a 1250-mile warranty servicing. While the motorcycle was in the possession of Bynum McRary, it was stolen. McRary Harley-Davidson was insured at that time by the defendant Shelby Mutual Insurance Company, and the policy had been procured by Mr. McRary on the assurances of the defendant, R. R. King, Jr., t/d/b/a King-Leavitt Insurance Agency, that the policy would cover the loss of any customer who had a motorcycle stolen from the keeping of McRary Harley-Davidson. Plaintiff alleges that he is a third-party beneficiary of this policy. After the theft, the defendant refused to settle the claim of the plaintiff against McRary Harley-Davidson. Alleging that this refusal to settle following the theft constituted unfair and deceptive acts in violation of G.S. 58-54.4(11), plaintiff brings suit for treble damages under G.S. 75-16.

Defendants' answer included a motion for judgment on the pleadings under Rule 12(c) of the North Carolina Rules of Civil Procedure. At a hearing on 20 May 1980, the trial court granted defendants' motion, entering judgment on the pleadings in favor of the defendants.

*J. Lawrence Smith by Stephen D. Kaylor for plaintiff appellant.*

*Harrell & Leake by Larry Leake for defendant appellees.*

CLARK, Judge.

[1]  In North Carolina, "[i]t has long been established that a third party, for whose benefit a contract has been made, may maintain an action for breach of that contract." *Equipment Co. v. Smith*, 292 N.C. 592, 595, 234 S.E. 2d 599, 601 (1977). Several cases have approved application of a third-party beneficiary analysis to allow action by a bailor against a bailee's insurance company. *See Distributing Co. v. Insurance Co.*, 214 N.C. 596, 200 S.E. 411 (1939); *Ingram v. Insurance Co.*, 258 N.C. 632, 129 S.E. 2d 222 (1963); Annot., 64 A.L.R. 3d 1207 (1975). The North Carolina cases uniformly hold that before a third-party beneficiary may recover directly under his bailee's liability insurance contract, he must first obtain a valid judgment against his bailee establishing the legal liability of the bailee. *Distributing Co. v. Insurance Co.,*

*supra.* Defendant argues that plaintiff's failure to plead a prior judgment against McRary Harley-Davidson precludes recovery against McRary's insurance company. While we agree that this would be the case under a liability insurance policy, *Distributing Co. v. Insurance Co., supra; Hall v. Casualty Co.,* 233 N.C. 339, 64 S.E. 2d 160 (1951); *Ingram v. Insurance Co., supra,* we fail to see how the judgment on the pleadings could properly have been granted on such basis, when nothing in the pleadings established the contract of insurance as one against *liability.*

The complaint alleges the existence of a policy and, further:

> "7. That Bynum McRary d/b/a McRary Harley-Davidson procured said policy of insurance on the assurances of R. R. King t/d/b/a King-Leavitt Insurance Agency and Shelby Mutual Insurance Company, that said policy would cover the loss to any customer of the insured who suffered loss due to the theft of the customer's motorcycle from the insured's place of business."

This statement constitutes sufficient allegation that plaintiff's loss fell within the coverage of the policy. The allegation is to the effect that the policy covered *any loss* to McRary's customers, not just those for which McRary was liable. Since there was no basis upon which to assume that recovery for plaintiff's loss was contingent on the liability of his bailee, judgment on the pleadings was improper. When the policy is actually produced, we assume during discovery, summary judgment would be appropriate if the contract appears to be one based on the insured's liability. We see no reason, however, to dismiss this action until the actual language of the policy has been examined and construed.

[2]  Plaintiff's claim for treble damages is unwarranted, and judgment on the pleadings was proper to the extent it overruled plaintiff's claim for unfair trade practices. Plaintiff bases this claim on G.S. 58-54.4(11) which designates as "unfair methods of competition and unfair and deceptive acts or practices in the business of insurance" the following:

> "(11) In connection with first-party claims, committing or performing with such frequency as to indicate a general business practice any of the following:
>
>        . . . .

　　　　f. Not attempting in good faith to effectuate prompt,
　　　　fair and equitable settlements of claims in which
　　　　liability has become reasonably clear . . . ."

Without extended discussion we note two obvious reasons plaintiff has failed to state an unfair practice under G.S. 58-54.4(11) and therefore is not entitled to treble damages under G.S. 75-16. First, plaintiff, by his own characterization, is a third-party beneficiary, whereas the statute applies only to "first-party claims"; and second, plaintiff alleges a single refusal by defendant to settle a claim, whereas the statute requires failure to settle "with such frequency as to indicate a general business practice." Neither of these conditions appearing, we believe plaintiff's claim for unfair trade practices was improper.

　　Judgment on the pleadings is reversed as to plaintiff's primary claim; judgment on the pleadings is affirmed as to plaintiff's claim for treble damages.

　　Judges ARNOLD and MARTIN (Harry C.) concur.