GREGORY SCOTT LAVENDER v. STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY

No. 9427SC11

(Filed 15 November 1994)

**Insurance § 487 (NCI4th)— punitive damages—coverage
included in automobile liability policy—claim barred by
statute of limitations**

Because there was no express exclusion of punitive damages
in its automobile liability insurance policy, defendant insurer was
required to pay punitive damages awarded plaintiff by the jury in
plaintiff's personal injury action against defendant's insured;
however, plaintiff's claim for punitive damages was barred by the
statute of limitations where the complaint was filed more than
three years after the date of entry of the judgment against the
insured.

**Am Jur 2d, Automobile Insurance § 427.**

Appeal by plaintiff from order and judgment entered 26 October
1993 in Gaston County Superior Court by Judge Jesse B. Caldwell.
Heard in the Court of Appeals 28 September 1994.

*Tim L. Harris & Associates, by T. Scott White and Jerry N.
Ragan, for plaintiff-appellant.*

*Golding, Meekins, Holden, Cosper & Stiles, by Harvey L.
Cosper, Jr. and Paul R. Dickinson, for defendant-appellee.*

GREENE, Judge.

Gregory Scott Lavender (plaintiff) appeals from an order entering
summary judgment for State Farm Mutual Automobile Insurance
Company (defendant).

In this action, filed 22 March 1993, the plaintiff seeks a declaration of his rights under an insurance policy issued by the defendant to
James Edward Parks, Jr. (Parks), specifically whether he is entitled
to recovery from the defendant of the punitive damages awarded the
plaintiff against defendant's insured. In that policy the defendant
agreed to pay "damages for bodily injury or property damage for
which any insured becomes legally responsible because of an auto
accident." On 6 February 1988, Parks was involved in an automobile

collision with the plaintiff in which the plaintiff sustained personal injuries. A jury trial was conducted and the jury rendered a verdict for the plaintiff in the amount of $30,000 in compensatory damages and $10,000 in punitive damages. A judgment for the plaintiff against Parks was docketed on 5 July 1989. On 13 July 1989, the defendant satisfied the compensatory award portion of the judgment, but not the punitive damage award.

---

The issues presented are (I) whether the policy language includes coverage for punitive damages and (II) if so, whether the three year statute of limitations bars the plaintiff's claim.

I

The defendant first argues that summary judgment was appropriate because it has no liability under its policy to pay for punitive damage awards entered against its insured. We disagree. This Court has recently held that the precise language contained in this policy provided coverage for punitive damages. *New South Ins. Co. v. Kidd*, 114 N.C. App. 749, 754, 443 S.E.2d 85, 88, *disc. rev. denied*, 336 N.C. 782, 447 S.E.2d 427 (1994). If the insurance company wishes to exclude punitive damages from its coverage, it must do so specifically. *Id.* In the policy at issue, there is no express exclusion of punitive damages, thus the punitive damage award is within the coverage of the defendant's policy. Accordingly, summary judgment for the defendant on this issue cannot be sustained.

II

In the alternative, the defendant argues that the plaintiff's claim is barred by the statute of limitations. We agree.

It is settled law that where "the liability of the insured has been established by judgment, the injured person may maintain an action [as a third-party beneficiary] on the [insured's] policy of [liability] insurance." *Hall v. Harleysville Mut. Casualty Co.*, 233 N.C. 339, 340, 64 S.E.2d 160, 161 (1951); *see Smith v. King*, 52 N.C. App. 158, 159, 277 S.E.2d 875, 876 (1981). The injured person's claim is therefore in contract and is governed by the three year statute of limitations, N.C.G.S. § 1-52(1) (Supp. 1993), which begins to run "at the time of entry of judgment against the insured." 20A John A. Appleman & Jean Appleman, *Insurance Law and Practice* § 11614 (rev. vol. 1980); *see Penley v. Penley*, 314 N.C. 1, 20, 332 S.E.2d 51, 62 (1985).

**LAVENDER v. STATE FARM MUT. AUTO. INS. CO.**

[117 N.C. App. 135 (1994)]

In this case, the complaint was filed on 22 March 1993, more than three years after 5 July 1989, the date of the entry of the judgment against Parks, the insured. Accordingly, the summary judgment of the trial court is affirmed on this basis.

Affirmed.

Judges JOHNSON and LEWIS concur.