AISHAH M. WILSON, Plaintiff-Appellant v. IVEY THACKER WILSON and NATION-WIDE MUTUAL FIRE INSURANCE COMPANY, Defendants-Appellees

No. COA95-397

(Filed 5 March 1996)

**Unfair Competition or Trade Practices § 22 (NCI4th)— adverse party's insurance company—third-party claim for unfair and deceptive practices not recognized in North Carolina**

North Carolina does not recognize a cause of action for third-party claimants against the insurance company of an adverse party based on unfair and deceptive practices under N.C.G.S. § 75-1.1, since allowing such third-party suits against insurers would encourage unwarranted settlement demands, and allowing a third-party claim against the insurer of an adverse party for violating N.C.G.S. § 58-63.15 might result in a conflict of interest for the insurance company.

**Am Jur 2d, Monopolies, Restraints of Trade, and Unfair Bsuiness Practices § 735.**

**Validity of express statutory grant of power to state to seek, or to court to grant, restitution of fruits of consumer fraud. 59 ALR3d 1222.**

---

WILSON v. WILSON

[121 N.C. App. 662 (1996)]

**Scope and exemptions of state deceptive trade practice and consumer protection acts. 89 ALR3d 399.**

**Practices forbidden by state deceptive trade practice and consumer protection acts. 89 ALR3d 449.**

Appeal by plaintiff-appellant from order entered 26 January 1995 by Judge James U. Downs in Mecklenburg County Superior Court. Heard in the Court of Appeals 12 January 1996.

*Charles G. Monnett III & Associates, by Charles G. Monnett, III, and John R. Anderson, for plaintiff-appellant.*

*Baucom, Claytor, Benton, Morgan, Wood & White, P.A., by Rex C. Morgan, for defendant-appellee.*

WYNN, Judge.

On 4 February 1994, plaintiff-passenger, Aishah Wilson, suffered injury as a result of her husband's (Ivey Thacker Wilson) alleged negligence in driving a vehicle insured by defendant Nationwide Mutual Fire Insurance Company (hereinafter Nationwide). Mr. Wilson owned the vehicle and was its named insured.

As a result of the accident, Ms. Wilson claimed medical expenses and other special damages that totalled approximately $2,621.00. In response to her demand for payment of her damages, Nationwide eventually offered $5,000.00 in full settlement of her claim. Ms. Wilson rejected this offer as inadequate, and filed the subject lawsuit.

In her complaint, Ms. Wilson sought damages based on three causes of action: 1) the negligence of Mr. Wilson, (2) unfair and deceptive trade practices by Mr. Wilson's insurer, Nationwide, and (3) punitive damages because of Nationwide's actions towards her.

In an order dated 26 January 1995, Judge James U. Downs dismissed under Rule 12(b)(6) plaintiff's second and third causes of action. This order is the subject of the instant appeal.

---

I

Ms. Wilson first contends that the trial court erred in dismissing under Rule 12(b)(6) her cause of action for unfair and deceptive trade practices. We disagree.

The standard for appellate review of a dismissal under Rule 12(b)(6) is familiar:

**WILSON v. WILSON**

[121 N.C. App. 662 (1996)]

The question for the [reviewing] court is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not.

*Miller v. Nationwide Mutual Ins. Co.*, 112 N.C. App. 295, 299-300, 435 S.E.2d 537, 541 (1993), *disc. review denied* 335 N.C. 770, 442 S.E.2d 519 (1994) (citations omitted).

In her complaint, Ms. Wilson alleged that Nationwide knowingly, and with such frequency as to indicate a general business practice, engaged in unfair and deceptive acts by:

a. Having a corporate policy and a general business practice of refusing to act in good faith toward the insureds of Nationwide and the victims of negligence of its insureds;

b. Having a general business practice and a policy of intentionally disregarding the duties owed by an insurance company to its insured and to the victims of negligence of its insureds;

c. Having a corporate policy and a general business practice of refusing to enter into good faith negotiations with regard to settlement of claims;

d. Having a corporate policy and a general business practice of attempting to coerce the victims of negligence into settlements for less than the amount of money properly owed to such victims by taking unfair advantage of the superior negotiating position of the Defendant Nationwide;

e. Having a corporate policy and a general business practice of refusing to evaluate and settle claims in a fair and reasonable manner;

. . .

h. Having a corporate policy and a general business practice of not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear . . . .

. . .

j. Having a corporate policy and a general business practice of attempting to settle a claim for less than the amount to which a reasonable person would have believed he or she was entitled . . . .

## WILSON v. WILSON

[121 N.C. App. 662 (1996)]

Ms. Wilson argues that these allegations constitute violations of N.C. Gen. Stat. § 58-63.15 (1994), and thus are actionable under N.C. Gen. Stat. § 75-1.1 (1994) *et. seq.*

Assuming that the allegations stated in her complaint are true, as we must when reviewing a dismissal pursuant to Rule 12(b)(6), *Miller*, 112 N.C. App. at 299-300, 435 S.E.2d at 541, we conclude that North Carolina does not recognize a cause of action for third-party claimants against the insurance company of an adverse party based on unfair and deceptive trade practices under N.C.G.S. § 75-1.1.

While this is an issue of first impression in our State, we have little difficulty in deciding that plaintiff's allegations are flawed. She relies on our Supreme Court's pronouncement in *Pearce v. American Defender Life Ins. Co.*, 316 N.C. 461, 343 S.E.2d 174 (1986) for the proposition that a violation of N.C.G.S. § 58-63.15 constitutes a *per se* unfair and deceptive trade practice, which violates N.C.G.S. § 75-1.1 as a matter of law. 316 N.C. at 470, 343 S.E.2d at 179; *see also Miller*, 112 N.C. App. at 302, 435 S.E.2d at 542. However, in *Pearce* and *Miller*, the actions involved plaintiff-insureds who were in privity with the defendant-insurers. *See Pearce*, 316 N.C. 461, 343 S.E.2d 174 (estate of decedent-plaintiff which sued to recover on life insurance policy issued by defendant-insurer may maintain unfair trade practice claim); *see Miller*, 112 N.C. App. 295, 435 S.Ed.2d 537 (plaintiff-insured which sued his own insurer for underinsured motorist coverage may claim relief for unfair trade practices).

In the instant case, plaintiff is neither an insured nor in privity with the insurer. We find this distinguishing and therefore conclude that a private right of action under N.C.G.S. § 58-63.15 and N.C.G.S. § 75-1.1 may not be asserted by a third-party claimant against the insurer of an adverse party.

Our conclusion is supported by other courts. Most states which have considered this issue have not allowed a third-party claim against the insurer of an adverse party. *See Moradi-Shalal v. Fireman's Fund Ins. Cos.*, 250 Cal. Rptr. 116, 758 P.2d 58 (1988); *see also Messina v. Nationwide Mutual Ins. Co.*, 998 F.2d 2 (D.C. Circ. 1993); *McFadden v. Liberty Mutual Ins. Co.*, 803 F. Supp. 1178 (N.D. Miss. 1992), *aff'd*, 988 F.2d 1210 (5th Cir. 1993); *Earth Scientists v. United States Fidelity & Guar.*, 619 F. Supp. 1465 (D. Kan. 1985); *O.K. Lumber Co., Inc. v. Providence Washington Ins. Co.*, 759 P.2d 523 (Ak. 1988); *Scroggins v. Allstate Ins. Co.*, 74 Ill. App. 3d 1027, 393 N.E.2d 718 (1979); *Bates v. Allied Mutual Ins. Co.*, 467 N.W.2d 255

WILSON v. WILSON

[121 N.C. App. 662 (1996)]

(Ia. 1991); *Morris v. American Family Mutual Ins. Co.*, 386 N.W.2d 233 (Minn. 1986); *Gunny v. Allstate Ins. Co.*, 108 Nev. 344, 830 P.2d 1335 (1992); *Lawton v. Great Southwest Fire Ins. Co.*, 118 N.H. 607, 392 A.2d 576 (1978); *City of Farmington v. L.R. Foy Const. Co.*, 112 N.M. 404, 816 P.2d 473 (1991); *Dvorak v. American Family Mutual Ins. Co.*, 508 N.W.2d 329 (N.D. 1993); *Farris v. U.S. Fidelity and Guaranty Co.*, 284 Or. 453, 587 P.2d 1015 (1978); *Allstate Ins. Co. v. Watson*, 876 S.W.2d 145 (Tx. 1994); *Wilder v. Aetna Life & Casualty Ins. Co.*, 140 Vt. 16, 433 A.2d 309 (1981); *Tank v. State Farm Fire & Casualty Co.*, 105 Wash. 2d. 381, 715 P.2d 1133 (1986); *Kranzush v. Badger State Mutual Casualty Co.*, 103 Wisc. 2d 56, 307 N.W.2d 256 (1981); *Herrig v. Herrig*, 844 P.2d 487 (Wy. 1992); *but see Holmgren v. State Farm Mutual Auto. Ins. Co.*, 976 F.2d 573 (9th Cir. 1992); *Auto-Owners Ins. Co. v. Conquest*, 658 So.2d 928 (Fl. 1995) (recognizing that allowing a third-party claim against the insurer of an adverse party may be unwise, but allowing the claim due to an explicit statutory provision); *State Farm Mutual Auto. Ins. Co. v. Reeder*, 763 S.W.2d 116 (Kt. 1988); *Klaudt v. Flink*, 202 Mont. 247, 658 P.2d 1065 (1983); *Jenkins v. J.C. Penney Casualty Ins. Co.*, 167 W.Va. 597, 280 S.E.2d 252 (1981).

In *Moradi-Shalal*, for example, we find particular guidance from two of the concerns raised by the California Supreme Court in holding that California's Unfair Practices Act[1] (very similar to our own N.C.G.S. § 58-63.15) does not grant a private right of action against an insurer.[2] *Moradi-Shalal* at 126, 758 P.2d at 68.

First, allowing such third-party suits against insurers would encourage unwarranted settlement demands, since plaintiffs would be able to threaten a claim for an alleged violation of N.C.G.S. § 58-63.15 in an attempt to extract a settlement offer. *See Id.* at 124, 758 P.2d at 66; *see also Auto-Owners Ins. Co. v. Conquest*, 658 So.2d 928 (Fl. 1995):

We are not unmindful of . . . [the argument that allowing a third party suit] would achieve an unreasonable result in that permitting a third party such a cause of action against the insurer anytime the insurer allegedly failed to settle in good faith could result

---

1. Cal. Ins. Code § 790.03 (1988) *et. seq.*

2. *Moradi-Shalal* also prohibits in California such an action by a first party claimant against the insurer. In North Carolina, our Supreme Court, in *Pearce*, has already ruled that N.C.G.S. § 75-1.1 *et. seq.* provides a private right of action by an insured against his insurer for a violation of N.C.G.S. § 58-63.15.

· in undesirable social and economic effects (i.e., multiple litigation, unwarranted bad faith claims, coercive settlements, excessive jury awards, and escalating insurance, legal and other transaction costs).

*Id.* at 929-30 (internal quotation marks and citations omitted).

Second, allowing a third-party claim against the insurer of an adverse party for violating N.C.G.S. § 58-63.15 may result in a conflict of interest for the insurance company. Upon defending its insured, the insurer has a duty to act diligently and in good faith to its insured. *Connor v. State Farm Mutual Ins. Co.*, 265 N.C. 188, 191, 143 S.E.2d 98, 101 (1965). The insurer has a duty to safeguard the interests of its insured. Allowing a third-party action because of a violation of N.C.G.S. § 58-63.15 would require the insurer to also act in the best interests of the party adverse to its insured. Such a result would likely put the insurer in a position of conflict with its insured—the party adverse to the third party.

We note in passing that Ms. Wilson argued in her brief that she is a named insured under the policy by virtue of being Mr. Wilson's spouse. However, the record does not include a copy of the policy, nor any other evidence to support this assertion. Even assuming for the sake of argument that Ms. Wilson is in fact a named insured, the factor which distinguishes this case from *Pearce* and its progeny is that Ms. Wilson's tort action stems from the alleged negligence of Mr. Wilson which in turn triggers coverage under Nationwide's liability coverage provisions for Mr. Wilson, rather than for Ms. Wilson. In short, Ms. Wilson's relationship to Nationwide in this case is as a third party because she seeks to recover from the insurer's liability coverage provisions for her husband, rather than from a coverage provision provided for her own interest.

We find no precedent in North Carolina law for allowing a third-party to sue the insurance company of another. N.C.G.S. § 58-63.15 does not specifically indicate that a third-party has such a private right of action and we will not imply such an action from its ambiguous language.

## II

Ms. Wilson next contends that the trial court erred in dismissing her claim against Nationwide for punitive damages. We disagree.

In order to state a claim for punitive damages, a plaintiff must have a valid cause of action against the defendant in which at least nominal damages may be awarded were the plaintiff to recover. *Shugar v. Guill*, 304 N.C. 332, 335, 283 S.E.2d 507, 509 (1981). Because of our disposition of plaintiff's claim against defendant Nationwide, Ms. Wilson has no cause of action against Nationwide. Thus, we hold that her claim for punitive damages was properly dismissed.

The decision of the court below is,

Affirmed.

Judges GREENE and McGEE concur.