KEITH ALEXANDER CRAVEN, JR., Plaintiff v. CHASITY NICOLE DEMIDOVICH, GEICO INDEMNITY COMPANY, ALAMO FINANCING, ORVAL K. WING, JR., GREENSBORO NEWS AND RECORD, and ALLSTATE INSURANCE COMPANY, Defendants

No. COA04-1193

(Filed 2 August 2005)

**Insurance— passenger in wrecked auto—failure to timely adjust claim—no privity with driver's insurer**

There was no privity between a passenger in a rented automobile and the driver's insurance company, and a 12(b)(6) motion to dismiss plaintiff passenger's claim against the insurance company for unfair and deceptive trade practices and bad faith in its refusal to timely adjust plaintiff's claim was properly granted.

Appeal by plaintiff from an order entered 29 April 2004 by Judge W. Douglas Albright in Guilford County Superior Court. Heard in the Court of Appeals 10 May 2005.

*Rudolf Widenhouse & Fialko, by M. Gordon Widenhouse, Jr., for plaintiff-appellant.*

*Frazier & Frazier, L.L.P., by Torin L. Fury, for defendant-appellee.*

JACKSON, Judge.

Plaintiff appeals from the order granting defendant GEICO Indemnity Company's ("GEICO") motion to dismiss entered 29 April 2004 in Guilford County Superior Court. This appeal arises out of claims filed by plaintiff resulting from an automobile accident on 3 December 2000. Plaintiff, along with Nahikulani Kerekes ("Kerekes"), was a passenger in a vehicle driven by defendant Chasity Demidovich ("Demidovich") which collided with a vehicle driven by defendant Orval Wing ("Wing") resulting in serious and permanent injuries to plaintiff and Kerekes.

At the time of the accident Demidovich was covered by an automobile liability insurance policy provided by GEICO and was driving a rental car belonging to defendant Alamo Financing. The policy limits were $50,000 bodily injury per person and $2000 medical payments per person. Demidovich attempted to make a left turn across Wing's lane of travel and her vehicle was struck by Wing's vehicle, resulting in plaintiff's injuries.

Plaintiff made a demand on GEICO for payment under the policy issued to Demidovich on 1 July 2002. GEICO paid plaintiff $2000 for medical payments under the policy on 20 November 2003 and plaintiff filed the instant action 3 December 2003. On the same date GEICO offered a settlement amount less than the $50,000 policy limit, which plaintiff refused.

Plaintiff bases his claims of unfair and deceptive trade practices and bad faith in refusal to timely adjust his claim on the delay in time for GEICO's response to his claim and the fact that Kerekes' demand for payment was satisfied on or about 20 November 2001 in the amount of $50,000 for bodily injury and $2000 for medical payments—the policy limits. GEICO answered plaintiff's complaint and asserted various defenses including failure to state a claim upon which relief could be granted. GEICO then made a motion to dismiss plaintiff's claims against it pursuant to Rule 12(b)(6). GEICO's motion was heard on 26 April 2004 in the Superior Court of Guilford County. After hearing oral arguments and without taking evidence the trial court granted GEICO's motion and dismissed plaintiff's claims as to GEICO with prejudice. Plaintiff timely appeals from this order.

On appeal, plaintiff argues that the trial court erred in granting GEICO's motion to dismiss his claims of bad faith and unfair and deceptive trade practices. The standard of review for a motion to dismiss under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure is "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory." *Block v. County of Person*, 141 N.C. App. 273, 277, 540 S.E.2d 415, 419 (2000) (internal quotations and citations omitted). Further, "[t]he complaint must be liberally construed, and the court should not dismiss the complaint unless it appears beyond a doubt that the plaintiff could not prove any set of facts to support his claim which would entitle him to relief. *Id.*, at 277-78, 540 S.E.2d at 419.

"North Carolina does not recognize a cause of action for third-party claimants against the insurance company of an adverse

party based on unfair and deceptive trade practices under N.C.G.S. § 75-1.1." *Wilson v. Wilson*, 121 N.C. App. 662, 665, 468 S.E.2d 495, 497 (1996). Nothing in plaintiff's complaint asserts that there is any privity between plaintiff and GEICO, and therefore, even liberally construing the complaint and taking it as true, plaintiff cannot set forth any set of facts which would entitle him to relief.

Plaintiff argues in his brief that he was an intended third-party beneficiary under the automobile liability policy issued to Demidovich by GEICO. Plaintiff relies on *Murray v. Nationwide Mutual Ins. Co.*, 123 N.C. App. 1, 472 S.E.2d 358 (1996), in support of this position. Plaintiff's reliance on *Murray* in this case is misplaced. In *Murray* we stated, "[t]he injured party in an automobile accident is an intended third-party beneficiary to the insurance contract between insurer and the tortfeasor/insured party." 123 N.C. App. at 15, 472 S.E.2d at 366. In support of this statement we cited *Lavender v. State Farm Mut. Auto. Ins. Co.*, 117 N.C. App. 135, 136, 450 S.E.2d 34, 35 (1994). In both *Murray* and *Lavender* a significant factual distinction with the instant case exists—specifically, that in both of those cases the third-party plaintiff already had obtained a judgment against the defendant insurance company's insured. In fact, in *Lavender* we stated, "[i]t is settled law that *where 'the liability of the insured has been established by judgment*, the injured person may maintain an action [as a third-party beneficiary] on the [insured's] policy of [liability] insurance.'" 117 N.C. App. at 136, 450 S.E.2d at 35 (emphasis added) (quoting *Hall v. Harleysville Mut. Casualty Co.*, 233 N.C. 339, 340, 64 S.E.2d 160, 161 (1951)).

The facts of the case *sub judice*, with regard to the relationship between plaintiff and GEICO, are more similar to those in *Wilson*. In *Wilson* the plaintiff was the wife of Nationwide's insured who was injured in an automobile accident resulting from her husband's negligence. The *Wilson* plaintiff brought her claim for unfair and deceptive trade practices, seeking punitive damages, against the insurer prior to obtaining a judgment against her husband and this Court held that her claim was not recognized in North Carolina. *Wilson*, 121 N.C. App. at 667, 468 S.E.2d at 499. Similarly here, plaintiff brought his claim against GEICO prior to Demidovich's liability having been established judicially.

Plaintiff contends that his right to bring a claim of bad faith against GEICO also is based on our holding in *Murray*. As we have held *supra*, *Murray* is not applicable under the facts of this case.

CRAVEN v. DEMIDOVICH

[172 N.C. App. 340 (2005)]

We hold that because plaintiff's claims against GEICO are not recognized in North Carolina prior to a judicial determination of the insured's liability, the complaint demonstrates, without question, that no set of facts can be established which would entitle plaintiff to relief for either the bad faith or the unfair and deceptive practices claims. Accordingly, plaintiff's claims were properly dismissed for failure to state a claim for which relief can be granted.

Affirmed.

Judges WYNN and BRYANT concur.