HUNTER, Jr., Robert N., Judge.
Jeremy Bruns and Jenny Bruns (collectively "Plaintiffs") appeal from 8 February 2016, 10 February 2016, and 22 February 2016 orders granting Defendants' motions to dismiss and dismissing Plaintiffs' complaint. We dismiss in part and affirm in part.
I. Factual and Procedural Background
This case arises from a vehicular accident between Defendant Rhonda Bryant and Plaintiff Jeremy Bruns. The accident occurred on 10 November 2012, when Defendant Rhonda Bryant drove Defendant Dalton Bryant, Sr.'s car and hit Plaintiff Jeremy Bruns while he stood in his driveway. Plaintiff Jeremy Bruns suffered serious injuries as a result of the accident. Following the accident, the State pursued criminal charges against Defendant Rhonda Bryant. Defendant Rhonda Bryant pled guilty to Felony Serious Injury by Vehicle and Driving Left of Center. The Cumberland County Superior Court sentenced Defendant Rhonda Bryant to 16 to 29 months imprisonment. On 5 August 2015, after serving the mandatory minimum, the State released Defendant Rhonda Bryant from custody. Pursuant to Defendant Dalton Bryant, Sr.'s insurance agreement, Defendant United Services Automobile Association ("USAA") initially offered Plaintiffs a $30,000 settlement.[3]
Disappointed by the State's actions and the settlement offer from Defendant USAA, Plaintiffs filed a Complaint on 6 November 2015. In their Complaint, Plaintiffs asserted the following claims: (1) declaratory relief; (2) injunctive relief; (3) constitutional challenge; (4) contract rescission; (5) negligence; (6) aggravated assault with a deadly weapon; (7) negligent infliction of emotional distress; (8) intentional infliction of emotional distress; (9) loss of consortium; (10) permanent restraining order; (11) breach of fiduciary duty; (12) breach of contract; (13) breach of the covenant of good faith and fair dealing; (14) violation of Unfair and Deceptive Trade Practices Act ("UDTP"); (15) constructive fraud; (16) fraud; (17) misrepresentation; and other various relief from the trial court.
On 11 December 2015, Defendants McCrory, Perry, Tennyson, and the State of North Carolina filed a motion to dismiss the complaint, pursuant to 12(b)(1), 12(b)(2), and 12(b)(6) of the North Carolina Rules of Civil Procedure. On 29 December 2015, Defendant USAA filed a motion to dismiss and motion for more definite statement. Defendants Rhonda Bryant, Dalton Bryant, Jr., and Dalton Bryant, Sr. filed joint motions to dismiss, motions to strike, and a motion for severance on 8 January 2016. On 19 January 2016, Plaintiffs filed their response to Defendant USAA's motions and Defendant Rhonda Bryant's, Defendant Dalton Bryant, Sr.'s, and Defendant Dalton Bryant, Jr.'s joint motions.
The trial court held a hearing for the above mentioned motions on 25 January 2016. On 8 February 2016, the trial court entered an order granting the State Defendants' motion to substitute parties and motion to dismiss Plaintiffs' complaint. On 10 February 2016, the trial court entered an order granting Defendant Dalton Bryant, Jr.'s motion to dismiss Plaintiffs' complaint. On 22 February 2016, the trial court entered an order granting Defendant USAA's motion to dismiss Plaintiffs' complaint.
Following the dismissals, Plaintiffs filed timely notice of appeal on 1 March 2016. Plaintiffs assert the following assignments of error:
I. Judge Young's acts of judicial misconduct were constitutional violations of our fundamental due process rights, equal protection rights, and our rights to petition for redress, thus requiring official sanction, disqualification, and vacatur of his dismissal orders and remanding our complaint to a new judge.
II. The trial tribunal err[ed] in dismissing our constitutional claims against the State with prejudice on the grounds of sovereign immunity and failure to have interests upon which relief may be granted, and accordingly did the State and judge violate our constitutional due process and equal protection rights.
III. Rhonda Bryant was convicted of felony DWI, thus ineligible for earned time to reduce her sentence, hence she still owes society at least four months in prison to satisfy the minimum terms of her conviction, and the Government's conduct was a due process and equal protection violation against the people.
IV. The trial court erred in disregarding our requests for declaratory judgments to determine our rights and status under the disputed coverages of the insurance policies in effect for the driver's and owner's liabilities, and USAA's conduct was per se bad faith for rejecting payment of our claims on both driver's and owner's policies and refusing to disclose which singular policy it tendered while admitting liability for both.
V. The trial court erred in dismissing all of our claims against USAA with prejudice, and third-party intended beneficiaries have the right to expect good faith and fair dealing from insurers in the handling of claims against automobile insurance policies, so, USAA act[ed] in bad faith toward us as intended beneficiaries.
VI. § 7A-308(a)(17) is unconstitutional because it is too vague, overbroad, and improperly applied because the cost of obtaining a single person's certified statewide criminal background check is prohibitively expensive and overly and unduly burdensome.
VII. It is unconstitutional for Rhonda's license suspension to begin 5 May 2015 while she was still in prison, according to her certified DMV driving record obtained 11 September 2015, but how can this and other inaccuracies, omissions, and apparent scrubbing in her record be resolved justly when state officials refuse to provide answers and accountability?
VIII. The appeals court improvidently dismissed our appeal against [Dalton Bryant,] Junior.
IX. The trial court erred in ignoring Jenny's request for an injunction for contract rescission and declaratory judgment against Veronica McClain because such could have efficiently terminated the action as a final judgment, and the trial court also erred in ignoring Jenny's motion for default judgment for McClain's failure to plead where no monetary damages were sought, only relief grounded on the First Amendment right of freedom of speech to publish non-copyrightable unoriginal public domain material.
X. Nicholson is unconstitutional because it violates equal protection for discounting individual autonomy and overlooks circumstances that make it unfair for recovery of full damages.
XI. It is an unconstitutional due process violation of undue prejudice to disallow prevailing pro se attorney-plaintiffs who prevail to invoke fee-shifting statutes.
XII. Judge Young acted in clear absence of all jurisdiction thus forfeited his judicial immunity, and he owe[s] us reparations for the costs of our appeal and damages arising from the injuries of such should his dismissal orders be vacated because of judicial malfeasance and our case remanded.
XIII. The defendant attorneys violated the North Carolina State Bar Rules of Professional Conduct prejudicial to the administration of justice, and they conspired with the judge to violate our due process rights.
XIV. The public officials (Governor, Attorney General, DPS Secretary, DOT Secretary) forfeited their public official immunity with their corrupt and malicious actions by doubling down against our claims in violation of our Constitutional rights before and after filing our lawsuit.
(all caps in original).
II. Standard of Review
"The standard of review for a motion to dismiss under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure is 'whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory.' " Craven v. Demidovich , 172 N.C. App. 340, 341, 615 S.E.2d 722, 723 (2005) (quoting Block v. Cty. of Person , 141 N.C. App. 273, 277, 540 S.E.2d 415, 419 (2000) ).
III. Analysis
Plaintiffs did not raise Issues 1, 7, 10, 11, 12, 13, and 14 at the trial court, and, thus, we lack jurisdiction to address those issues on appeal. Accordingly, we dismiss Issues 1, 7, 10, 11, 12, 13, and 14. N.C. R. App. P. 10(a)(1) (2016).
Plaintiffs failed to substantively discuss Issues 4, part of 5[4] , and 6 in their briefs, and, thus, we dismiss these issues as abandoned. N.C. R. App. P. 28(b)(6). See also Goodson v. P.H. Glatfelter Co. , 171 N.C. App. 596, 606, 615 S.E.2d 350, 358 (2005).
Issue 8 arises from this Court's dismissal of a prior appeal filed by Plaintiffs. In that appeal, Plaintiffs appealed the trial court's dismissal of their claims against Defendant Dalton Bryant, Jr. Plaintiffs now argue this Court "improvidently dismissed" that appeal. On 17 August 2016, Defendant Dalton Bryant, Jr. filed a motion to dismiss Plaintiffs' appeal regarding him, arguing the appeal was interlocutory. On 1 September 2016, this Court issued an order dismissing Plaintiffs' appeal, only as to Defendant Dalton Bryant, Jr. We cannot second guess this Court's decision to dismiss Plaintiffs' appeal in regards to the same claims against Defendant Dalton Bryant, Jr. See In re Civil Penalty , 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court."). As such, we hold this argument has been previously decided and is moot.
The remaining claims we discuss are: (1) Unfair and Deceptive Trade Practices claim against Defendant USAA (Issue 5); (2) claims against Defendants McCrory, Perry, Tennyson, and the State of North Carolina (Issue 2); (3) Plaintiff Jenny Bruns's claims against Defendant Veronica McClain (Issue 9). We now address the remaining issues in turn.
A. Plaintiffs' Unfair and Deceptive Trade Practices Claim Against Defendant USAA[5] (Issue 5)
"North Carolina does not recognize a cause of action for third-party claimants against the insurance company of an adverse party based on unfair and deceptive trade practices under N.C.G.S. § 75-1.1." Wilson v. Wilson , 121 N.C. App. 662, 665, 468 S.E.2d 495, 497 (1996). In the same year as Wilson , this Court created an exception to the Wilson rule, and held, "[t]he injured party in an automobile accident is an intended third-party beneficiary to the insurance contract between insurer and the tortfeasor/insured party." Murray v. Nationwide Mut. Ins. Co. , 123 N.C. App. 1, 15, 472 S.E.2d 358, 366 (1996) (citations omitted). However, following Murray , this Court has required the third-party plaintiff to have obtained a judgment against the defense insurance company's insured. Taylor v. N.C. Farm Bureau Mut. Ins. Co. , 181 N.C. App. 343, 345-46, 638 S.E.2d 636, 637-38 (2007) ; Craven , 172 N.C. App. at 342, 615 S.E.2d at 724. See also Lavender v. State Farm Mut. Auto. Ins. Co. , 117 N.C. App. 135, 136, 450 S.E.2d 34, 35 (1994) ("It is settled law that where the liability of the insured has been established by judgment, the injured person may maintain an action [as a third-party beneficiary] on the [insured's] policy of [liability] insurance.") (brackets in original) (citations and internal quotation marks omitted).
Here, Plaintiffs are a third-party claimant against the insurance company.[6] Plaintiffs are correct in their assertion that they are intended third-party beneficiaries. Murray , 123 N.C. App. at 15, 472 S.E.2d at 366. However, Plaintiffs have failed to establish the liability of the insured (Defendants Rhonda Bryant and Dalton Bryant, Sr.) by judgment.[7]
In their reply brief, Plaintiffs assert a judgment is not required under N.C. Gen. Stat. § 20-279.21(f)(2).[8] [9] That statute states, "The satisfaction by the insured of a judgment for such injury or damage shall not be a condition precedent to the right or duty of the insurance carrier to make payment on account of such injury or damage...." N.C. Gen. Stat. § 20-279.21(f)(2).
N.C. Gen. Stat. § 20-279.21(f)(2) does not stand for the proposition for which Plaintiffs cite the statute. The statute does not change the binding case law from this Court holding a third-party claimant must have privity and a judgment to bring a cause of action against the insurer. As such, North Carolina law does not recognize a cause of action for Plaintiffs under these circumstances. Thus, the trial court's dismissal pursuant to Rule 12(b)(6) was proper, and we affirm the 22 February 2016 order.
B. Issue on Appeal Regarding Defendants McCrory, Perry, Tennyson, and the State of North Carolina (Issue 2)
On 8 February 2016, the trial court dismissed Plaintiffs' claims against the State Defendants pursuant to Rules 12(b)(1), (b)(2), and (b)(6) of the North Carolina Rules of Civil Procedure. On appeal, Plaintiffs only provide substantive arguments regarding Rule 12(b)(2) in their briefs. It is not the role of this Court to "supplement an appellant's brief with legal authority or arguments not contained therein." Goodson , 171 N.C. App. at 606, 615 S.E.2d at 358. We affirm the trial court's order under Rule 12(b)(1) and 12(b)(6), as these grounds were not challenged by Plaintiffs before this Court. As such, we affirm the trial court's 8 February 2016 order and need not reach the 12(b)(2) argument.
C. Plaintiff Jenny Bruns's Claims Against Veronica McClain (Issue 9)
Plaintiffs next argue the trial court erred by ignoring Plaintiff Jenny Bruns's request for contract rescission and declaratory judgment and her motion for declaratory judgment. However, we lack jurisdiction to address this issue on appeal.
N.C. Gen. Stat. § 1-277 states:
An appeal may be taken from every judicial order or determination of a judge of a superior or district court, upon or involving a matter of law or legal inference, whether made in or out of session, which affects a substantial right claimed in any action or proceeding; or which in effect determines the action, and prevents a judgment from which an appeal might be taken; or discontinues the action, or grants or refuses a new trial.
N.C. Gen. Stat. § 1-277(a).
Plaintiffs fail to present to this court an order or determination of the trial court from which they have a right to appeal. Because Plaintiffs do not appeal from a final judgment by the trial court, we have no jurisdiction. See Akers v. City of Mount Airy , 175 N.C. App. 777, 778, 625 S.E.2d 145, 146 (2006). This issue on appeal is dismissed.[10]
IV. Conclusion
For the foregoing reasons, we affirm the trial court's 8 February 2016 and 22 February 2016 orders in part and dismiss Plaintiffs' remaining issues in part.
DISMISSED IN PART; AFFIRMED IN PART.
Report per Rule 30(e).
Judges BRYANT and DIETZ concur.

At the time of this appeal, Defendant USAA had offered Plaintiffs a $60,000 settlement.

Plaintiffs argue the trial court erred in dismissing all of their claims against Defendant USAA. In their original complaint, Plaintiffs asserted the following against Defendant USAA: (1) declaratory judgment that Plaintiffs and Defendant are in privity and have a fiduciary relationship; (2) declaratory judgment that USAA committed breach of contract and bad faith and violated the UDTP Act; (3) constructive fraud; (4) fraud; (5) misrepresentation; (6) breach of the covenant of good faith and fair dealing; (7) negligent infliction of emotional distress; (8) intentional infliction of emotional distress; (9) loss of consortium; and (10) punitive damages. In its order, the trial court dismissed all of Plaintiffs' claims against Defendant USAA. However, on appeal, Plaintiffs only sufficiently addressed the UDTP claim and presented no substantive argument regarding the trial court's dismissal of Plaintiffs' other nine claims against Defendant USAA. Accordingly, the claims have been abandoned and we affirm the trial court's dismissal of those claims against Defendant USAA.

Defendant USAA does not address Issue 13 in its appellee brief. In their reply brief, Plaintiffs contend Issue 13 is also being asserted against Defendant USAA "because USAA's attorney's conduct imputes to USAA." As explained supra, we are without jurisdiction to address Issue 13 on appeal, and the issue is dismissed.

Although Plaintiffs have a separate insurance policy with Defendant USAA, Plaintiffs' rights under that policy are not at issue in this case. Plaintiffs specifically admit "Our bodily injury claims didn't arise under our policy as USAA mischaracterizes, and we have forcefully and repeatedly asserted our claims under the Bryants' operative policies before and throughout this litigation."

In their briefs, Plaintiffs point this Court to USA Trouser, S.A. de C.V. v. Williams, No. 14 CVS 790, 2016 WL 4005944 (unpublished) (N.C. Super. July 21, 2016). However, USA Trouser is an unreported case from the Superior Court of North Carolina's Business Court and is not binding on this Court.

In this assertion, Plaintiffs also cite N.C. Gen. Stat. § 20-179(f)(2). N.C. Gen. Stat. § 20-179 is titled "Sentencing hearing after conviction for impaired driving; determination of grossly aggravating and aggravating and mitigating factors; punishments" and is inapplicable to this issue.

In their brief, Plaintiffs cite to N.C. Gen. Stat. § 20-279(f)(2), which has been repealed by law. The current law regarding this issue is now located in N.C. Gen. Stat. § 20-279.21(f)(2).

Although interlocutory appeals are immediately appealable when a substantial right is affected, Plaintiffs failed to present any argument that the interlocutory action affects a substantial right, warranting immediate review. See Southern Uniform Rentals, Inc. v. Iowa Nat'l Mut. Ins. Co., 90 N.C. App. 738, 740, 370 S.E.2d 76, 78 (1988) (citation omitted) (permitting review of an interlocutory appeal the appellant's substantial right would be jeopardized).