DEPARTMENT OF TRANSPORTATION, Plaintiff v. JIMMY WAYNE IDOL, SR.; KONRAD K. FISH, Trustee; BEN SIRMONS, Trustee; MABEL S. HIATT, Beneficiary and Assignee; CECIL STANLEY LITTLE and wife, PATRICIA J. LITTLE, Lessees, Defendants

No. 9318SC478

(Filed 15 March 1994)

**Landlord and Tenant § 36 (NCI4th)— partial taking of leased premises by eminent domain—no grounds for terminating lease**

The Department of Transportation's condemnation of .84 acres of a four-acre tract and the resulting demolition of the building used by the lessees as a convenience store did not provide legal grounds for the lessor to terminate the lease under a provision allowing cancellation of the lease if the leased premises are rendered untenable by a casualty, since the lessees could continue to use the remainder of the property to operate a convenience store.

**Am Jur 2d, Cancellation of Instruments § 7.**

Appeal by defendant Jimmy Wayne Idol, Sr. from judgment entered 11 January 1993 in Guilford County Superior Court by Judge Howard R. Greeson, Jr. Heard in the Court of Appeals 9 February 1994.

On 27 April 1976, Mrs. Clarence V. Idol, Sr., the lessor, entered into a ten-year written lease with defendants Cecil and Patricia Little (hereinafter the lessees). The subject of the lease is approximately four acres of real property, a building, and equipment contained in the building. The property is located at the intersection of West Wendover Avenue and Guilford-Jamestown Road in Guilford County. The lessees have remained in possession of the property since 1 May 1976 by exercising their options to renew the lease for additional five-year terms. See Idol v. Little, 100 N.C. App. 442, 396 S.E.2d 632 (1992) (holding that option to renew lease was not void for failure to state amount of rent to be paid upon exercise of the option). Defendant Jimmy Wayne Idol, Sr. (hereinafter the lessor) succeeded to the interests of Mrs. Clarence V. Idol, Sr.

On 7 July 1992, the North Carolina Department of Transportation, in the exercise of its power of eminent domain, condemned for public use approximately .84 acres of the four-acre tract leased to the lessees. As a result of the condemnation, the building used

by the lessees to operate a Sav-Way convenience store was demolished. At the condemnation proceeding, the lessor and lessees each moved for summary judgment on the validity of the lease after the condemnation. Pursuant to its authority under G.S. § 136-108 to resolve all issues other than damages, the trial court determined that the partial taking by the Department of Transportation did not provide legal grounds for the lessor to terminate the lease. Defendant-lessor Idol appeals.

*Turner, Rollins, Rollins & Clark, by Clyde T. Rollins, for defendants-appellees Cecil S. Little and Patricia J. Little.*

*Frazier, Frazier & Mahler, by Ben Sirmons, for defendant-appellant Jimmy Wayne Idol, Sr.*

WELLS, Judge.

Lessor argues that because the terms of the lease are ambiguous, the trial court erred in determining the meaning of the contract as a matter of law and in granting lessees' summary judgment motion. We disagree.

The lease provides in pertinent part:

THAT subject to the terms and conditions hereinafter set forth lessor does hereby let and lease unto lessees and lessees do hereby accept as tenant of lessor a certain parcel of land, together with a storebuilding and certain equipment therein, in Guilford County, North Carolina, located on the southwest corner of the intersection of West Wendover Avenue (formerly Red Road) and the Guilford-Jamestown Road, Known as Idol's Crossroad. The leased Premises shall be the Southwest corner of the intersection of West Wendover Avenue and Guilford-Jamestown Road, Guilford County, Friendship Township, presently containing approximately four (4) acres.

* * * *

(8) DAMAGE BY FIRE OR OTHER CASUALTY—If the leased premises are rendered untenable by fire or other casualty, the lessor shall have the option to repair the leased premises or cancel this lease and have no further responsibilities to repair or renovate the premises. If the lessor repairs or renovates the premises following such casualty, the lessees shall have no responsibility to pay the rent previously agreed

DEPT. OF TRANSPORTATION v. IDOL

[114 N.C. App. 98 (1994)]

on until such time as they may take possession of the premises following such repair or renovation.

Lessor asserts that the term "leased premises" contained in the lease is ambiguous, and when it is considered in light of all the evidence, the intent of the parties is that "leased premises" means "leased building," therefore entitling lessor to cancel the lease. Lessees assert that they may continue to use the remainder of the property to operate a convenience store.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56. When a motion for summary judgment is granted, the questions for determination on appeal are, whether on the basis of the materials presented to the trial court, there is a genuine issue as to any material fact and whether the movant is entitled to judgment as a matter of law. *Smith v. Smith*, 65 N.C. App. 139, 308 S.E.2d 504 (1983). A contract which is plain and unambiguous on its face will be interpreted as a matter of law by the court. *Cleland v. Children's Home*, 64 N.C. App. 153, 306 S.E.2d 587 (1983). On the other hand, if the agreement is ambiguous, then interpretation of the contract is for the jury. *Id.*

Since the lease in this case does not contain a provision which affords lessor the option to cancel the lease in the event of a taking by eminent domain, we do not address the issue of whether a partial taking by the State would terminate lessee's leasehold interest in light of such a provision. Instead, we consider the terms of the lease to be plain, unambiguous, and dispositive on the question of the continued validity of the lease. The terms of the lease provide that the "leased premises" is four acres of real property, a building, and equipment contained in the building. The casualty provision of the lease applies to the "leased premises," and the taking by the Department of Transportation has not rendered the "leased premises" untenable because there remains sufficient real property for lessees to continue operating a convenience store. Lessor may not contend for an interpretation of the agreement which varies from its plain and unambiguous language on the ground that the lease does not express his intent. *Blue Jeans Corp. v. Pinkerton, Inc.*, 51 N.C. App. 137, 275 S.E.2d 209 (1981).

There is no dispute as to whether lessor has any obligation to replace the building or fixtures. The only question decided below is whether, under the terms of the lease, lessees are entitled to continued occupancy of the remaining land. We hold that they are.

Accordingly, the judgment of the trial court is

Affirmed.

Judges JOHN and McCRODDEN concur.