DOYLE DOCKERY, Plaintiff v. QUALITY PLASTIC CUSTOM MOLDING, INC.,
Defendant

No. COA00-973

(Filed 19 June 2001)

**1. Employer and Employee— sales commission agreement— ambiguity**

The trial court did not err by denying plaintiff employee's motion for partial summary judgment regarding certain commissions on sales to clients recruited by plaintiff based on an employment agreement giving plaintiff five percent commission on "everything he brings in," because the language of the contract is ambiguous and thus susceptible to varied interpretations on its face.

**2. Employer and Employee— sales commission agreement— parol evidence—trade usage and practice**

The trial court did not err by denying plaintiff employee's motion in limine to exclude defendant employer's evidence regarding trade usage and practice in the plastics molding industry to show the intentions of the parties when they entered into their sales commission agreement, because: (1) parol evidence was admissible to show and make certain the intention behind the contract when the contract was ambiguous; and (2) the general custom in the business or trade may be considered in arriving at the intention of the parties.

**3. Employer and Employee— sales commission agreement— jury instruction—employment at will**

The trial court did not err by instructing the jury on the doctrine of employment at will in a case involving the interpretation of the parties' sales commission agreement, because plaintiff's counsel's repeated questioning regarding defendant employer's right to terminate plaintiff employee's employment without first paying compensation may have confused the jury on the issues of

plaintiff's right to collect his sales commissions with plaintiff's right to retain employment when the jury calculated plaintiff's damages.

Appeal by plaintiff from judgment entered 11 January 2000 by Judge Ronald K. Payne in McDowell County Superior Court. Heard in the Court of Appeals 23 May 2001.

*LeCroy Ayers & Willcox, by M. Alan LeCroy, for plaintiff appellant.*

*Lynch & Taylor, P.A., by Anthony Lynch, for defendant appellee.*

McCULLOUGH, Judge.

On or about 15 August 1997, plaintiff Doyle Dockery filed suit against his former employer, defendant Quality Plastic Custom Molding, Inc., seeking compensation for alleged monies owed to him by defendant as commissions on sales to clients recruited by plaintiff. The undisputed facts are as follows: In 1991, plaintiff agreed to work for defendant as a quality control manager and as a salesman. Plaintiff memorialized with Wayne Buff, defendant's representative, the following employment agreement:

Doyle Dockery 326.00 per week + 5% commission on everything he brings in after first 17,000 in base pay is passed. + .11 for each mile for car.

Agreement between Wayne & Doyle
lst Aug 1991

Because defendant business was new, plaintiff agreed to defer payment of his sales commissions in order for the business to invest in needed machinery. In December of 1995, plaintiff requested that his commission be paid, which defendant then calculated as amounting to approximately $10,000.00. Plaintiff disputed this sum, contending that defendant had enjoyed sales in excess of $7.7 million from companies allegedly recruited and established by plaintiff. Plaintiff argued that, pursuant to the employment agreement, he was entitled to five percent of the $7.7 million in sales. Defendant subsequently terminated plaintiff's employment, and plaintiff filed the instant suit.

After filing suit, plaintiff made a motion for partial summary judgment seeking entitlement as a matter of law to a portion of the sales

commissions allegedly owed him by defendant. Finding material facts regarding plaintiff's compensation to be outstanding, the trial court denied plaintiff summary judgment.

Before the jury trial, plaintiff filed a motion *in limine*, seeking to exclude evidence of trade usage and practice proffered by defendant. Plaintiff argued that the above-stated employment agreement between plaintiff and defendant was "defined by the terms of said agreement[,]" and that "[e]vidence of 'common business practices' within the plastics molding business [was] not relevant to the issues of the terms of the contractual agreement[.]" Finding the agreement between plaintiff and defendant to be ambiguous, the trial court denied plaintiff's motion and allowed evidence by defendant regarding trade practices in the plastics molding business. The trial court further instructed the jury that they could consider "all of the evidence put forth on the question [of interpreting the contract] including the parties on the practical construction of their agreement as evidenced by their conduct." The jury subsequently found that plaintiff was only entitled to recover $10,000.00 from defendant, and the trial court entered judgment in favor of plaintiff for said sum. Plaintiff now appeals from this judgment.

**[1]** Plaintiff argues that the trial court erred in denying plaintiff's motion for partial summary judgment. Plaintiff contends that he is entitled to judgment as a matter of law regarding certain commissions on sales to clients recruited by plaintiff, because the employment agreement between plaintiff and defendant gives plaintiff five percent commission on "everything he brings in." Plaintiff argues that, under the plain and unambiguous terms of the contract, plaintiff is entitled to commissions on all of the sales to clients recruited by plaintiff. Defendant argues that the contract terms are uncertain, and that defendant did not intend for plaintiff to collect commission on *all* business conducted with clients recruited generally by plaintiff, but rather only upon those particular sales secured by plaintiff.

Summary judgment is only appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (1999); *Dept. of Transportation v. Idol*, 114 N.C. App. 98, 100, 440 S.E.2d 863, 864 (1994). "A contract which is plain and unambiguous on its face will be interpreted as a matter of law by the court." *Dept. of Transportation,*

114 N.C. App. at 100, 440 S.E.2d at 864. If the agreement is ambiguous, however, interpretation of the contract is a matter for the jury. *Id.* Ambiguity exists where the contract's language is reasonably susceptible to either of the interpretations asserted by the parties. *Glover v. First Union National Bank*, 109 N.C. App. 451, 456, 428 S.E.2d 206, 209 (1993). "The fact that a dispute has arisen as to the parties' interpretation of the contract is some indication that the language of the contract is, at best, ambiguous." *St. Paul Fire & Marine Ins. Co. v. Freeman-White Assoc., Inc.*, 322 N.C. 77, 83, 366 S.E.2d 480, 484 (1988).

We determine the language "everything he brings in" to be susceptible of varied interpretations on its face, and that both plaintiff's and defendant's interpretations of the contract language are reasonable. Thus, we hold that the trial court properly denied partial summary judgment to plaintiff and overrule this assignment of error.

[2] Plaintiff also argues that the trial court erred in denying his motion *in limine* to exclude defendant's evidence regarding trade usage and practice in the plastics molding industry. The proffered evidence tended to show that commissions paid in the trade are for each individual job and not on the total amount paid by a particular client. Plaintiff contends that the contract was plain and unambiguous, and that the custom of trade usage and practice evidence impermissibly injected a new term into the parties' contract. We disagree. As stated above, we agree with the trial court that the contract was ambiguous on its face. The primary purpose in interpreting a contract is to ascertain the intention of the parties. *International Paper Co. v. Corporex Constructors, Inc.*, 96 N.C. App. 312, 317, 385 S.E.2d 553, 556 (1989). When a contract is ambiguous, parol evidence is admissible to show and make certain the intention behind the contract. *Id.* Moreover, "the general custom in the business or trade may be considered in arriving at the intention of the parties." *McAden v. Craig*, 222 N.C. 497, 500, 24 S.E.2d 1, 3 (1943). As such, the trial court properly admitted trade usage and practice evidence concerning the agreement between plaintiff and defendant. We also determine the trial court properly instructed the jury that the contract was ambiguous, and that they could consider trade usage and practice in interpreting the agreement. This assignment of error is overruled.

[3] Finally, plaintiff argues that the trial court erred in instructing the jury on the doctrine of employment at will. Plaintiff contends that, since he presented no evidence suggesting that he was illegally ter-

minated from his employment, the instruction confused the jury as to the pertinent issues. We disagree. During cross-examination, plaintiff's counsel repeatedly questioned Wayne Buff regarding defendant's right to terminate plaintiff without paying the sales commissions allegedly owed to plaintiff. Typical of those questions were the following:

> So once—once a manager has gotten a sales representative to bring in over 7.7 million dollars worth of business, they can simply say, "There's the door." And as a result of say [sic] that, just saying that, just terminate them? . . .
>
> * * * *
>
> So what your [sic] stating is that if in the manager's eyes this person has not been as useful as they have been in the past, they have the right to terminate them and not pay them any more commissions?

When plaintiff later protested the inclusion of the employment at will instruction, the trial judge agreed that he normally "wouldn't have given [the instruction], but you-all just got off into that, and that hasn't got anything to do with [the case]." The trial judge added, "I'm just going to tell [the jury] it has nothing to do with the case." The trial judge then instructed the jury as follows:

> And I would also instruct you that under our law in North Carolina that when a contract is not for a term served, that is a definite term, it is considered an employee at will situation, either party may terminate the agreement at any time. That is either the employer or the employee. And you are not to concern yourself as to who may have terminated this arrangement, because that is not determinative of the amount of damages that you would award in this case.

"It is the duty of the trial judge without any special requests to instruct the jury on the law as it applies to the substantive features of the case arising on the evidence." *Millis Construction Co. v. Fairfield Sapphire Valley*, 86 N.C. App. 506, 509, 358 S.E.2d 566, 568 (1987). We determine that the above-stated instruction clarified, rather than confused, the issues for the jury. With plaintiff's counsel's repeated questioning regarding defendant's right to terminate plaintiff's employment without first paying compensation, the jury might have easily confused plaintiff's right to collect his sales commissions with plaintiff's right to retain employment when it calculated plain-

tiff's damages. The trial court foresaw this possibility and correctly instructed the jury on the law of employment at will, thereby avoiding potential confusion. We therefore overrule plaintiff's final assignment of error and affirm the judgment of the trial court.

No error.

Judges WALKER and THOMAS concur.