AP Atl., Inc. v. Crescent Univ. City Venture, LLC, 2017 NCBC 59.

NORTH CAROLINA

MECKLENBURG COUNTY

AP ATLANTIC, INC. d/b/a
ADOLFSON & PETERSON
CONSTRUCTION,

           Plaintiff,

v.

CRESCENT UNIVERSITY CITY
VENTURE, LLC AND THE
GUARANTEE COMPANY OF
NORTH AMERICA USA; BB & M
ARCHITECTURE, PLLC; SCA
ENGINEERS, INC.; MADISON
CONSTRUCTION GROUP, INC.;
TRUSSWAY MANUFACTURING,
INC.; and T. A. KAISER HEATING
& AIR, INC.,

           Defendants,

v.

SEARS CONTRACT, INC. and
ARCH INSURANCE COMPANY,

           Third-Party Defendants.

MADISON CONSTRUCTION
GROUP, INC.,

           Third-Party Plaintiff,

v.

MANUEL BUILDING
CONTRACTORS, LLC,

           Third-Party Defendant.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
15 CVS 14745 (Master File)
16 CVS 14844 (Related Case)

**ORDER AND OPINION ON
ARCH INSURANCE COMPANY'S
MOTION FOR JUDGMENT
ON THE PLEADINGS**

1. **THIS MATTER** is before the Court upon Third-Party Defendant Arch Insurance Company's ("Arch") Motion for Judgment on the Pleadings (the "Motion") in the above-captioned case.

2. Having considered the Motion, the parties' briefs in support of and in opposition to the Motion, and the arguments of counsel at the hearing on the Motion on May 31, 2017, the Court **GRANTS** Arch's Motion for Judgment on the Pleadings and dismisses Crescent's claim for breach of contract against Arch without prejudice.

*Teague Campbell Dennis & Gorham LLP, by Courtney C. Britt and Mindy Wudarsky, for Third-Party Defendant Arch Insurance Company.*

*Swindell & Bond, PLLC, by John D. Bond, III, and Bradley Arant Boult Cummings LLP, by Douglas L. Patin and Avery A. Simmons, for Defendant Crescent University City Venture, LLC.*

Bledsoe, Judge.

I.

FACTUAL BACKGROUND

3. The Court does not make findings of fact on motions to dismiss under Rule 12(c), but only recites those allegations in Crescent's and Arch's pleadings that are relevant and necessary to the Court's determination of the Motion.

4. This case arises out of multi-party litigation regarding the construction of a student housing apartment complex in Charlotte, North Carolina (the "Project"), and the alleged failure of the Project's floor truss system. (Crescent's Am. Countercl. ¶ 2.)

5. Crescent University City Venture, LLC ("Crescent") is the developer and owner of the Project. (Crescent's Am. Countercl. ¶ 2.) On or about December 19,

2012, Crescent executed a construction contract with "AP Atlantic dba Adolfson & Peterson Construction" ("AP Atlantic"), a subsidiary of Adolfson & Peterson, Inc. ("A&P"), to serve as the general contractor for the Project (the "Construction Contract"). (Crescent's Am. Countercl. ¶¶ 3, 9.)

6.    Arch is an insurance company that is registered as an active insurance company with the North Carolina Department of Insurance.    (Crescent's Am. Countercl. ¶ 1; Arch's Answer ¶ 1.)

7.    Arch issued a commercial general liability policy—policy # 51PKG8919400 (the "Policy")—to A&P, with A&P and its subsidiaries, including AP Atlantic, as Named Insureds. (Crescent's Am. Countercl. ¶ 27; Arch's Answer ¶ 27, Ex. 1, 11, 50.) A&P provided Crescent with a certificate of liability insurance that listed Crescent as an additional insured on the Policy. (*See* Crescent's Am. Countercl. ¶ 27.)  The Policy, which was attached to and relied upon in Arch's Answer,[1] specifically provides, in relevant part, as follows:

---

[1] Where the pleading specifically refers to and depends on certain documents, the Court may consider those documents without converting the motion into one for summary judgment under Rule 56 even if presented by defendant. *See Schlieper v. Johnson*, 195 N.C. App. 257, 261, 672 S.E.2d 548, 551 (2009); *Oberlin Capital, L.P. v. Slavin*, 147 N.C. App. 52, 60, 554 S.E.2d 840, 847 (2001).

We[2] will pay those sums that the insured[3] becomes legally obligated to pay as damages because of "bodily injury" or "property damage"[4] to which this insurance applies.

(Arch's Answer Ex. 1, 64.)

8.     An endorsement modifying the commercial general liability coverage provided in the Policy was added for Owners, Lessees or Contractors, such as Crescent here (the "Endorsement"). (Arch's Answer Ex. 1, 95.) The Endorsement provides:

> **Section II – Who is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or part, by:
> **1.** Your[5] acts or omissions; or
> **2.** The acts or omissions on those acting on your behalf;
> in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

(Arch's Answer Ex. 1, 95.)

9.     The Schedule listed the Name(s) of Additional Insured Person(s) or Organizations as "ALL PARTIES WHERE AGREED TO BY A WRITTEN

---

[2] The Policy states that "[t]he words 'we', 'us' and 'our' refer to the company providing this insurance [i.e., Arch here]." (Arch's Answer Ex. 1, 64.)

[3] The Policy states that "[t]he word 'insured' means any person or organization qualifying as such under Section **II** –Who is An Insured." (Arch's Answer Ex. 1, 64.)

[4] The Policy states that "[o]ther words and phrases that appear in quotation marks have special meaning. Refer to Section **V** – Definitions." (Arch's Answer Ex. 1, 64.)

[5] The Policy states that "[t]hroughout this policy the words 'you' and 'your' refer to the Named Insured shown in the Declarations [i.e., AP Atlantic here], and any other person or organization qualifying as a Named Insured under this policy." (Arch's Answer Ex. 1, 64.)

CONTRACT[,]" which the parties do not dispute included Crescent. (Arch's Answer Ex. 1, 95.)

10. Crescent alleges that AP Atlantic breached the Construction Contract by failing to achieve substantial completion of the Project by the dates required under that contract, as altered by various change orders. Crescent contends that AP Atlantic's alleged breach entitles it to liquidated damages equal to AP Atlantic's full fee as defined by the Construction Contract. (Crescent's Am. Countercl. ¶¶ 35–36, 49.)

11. Crescent additionally alleges that AP Atlantic materially breached the Construction Contract by refusing and failing to repair the Project's allegedly defective and damaged floor truss system and refusing to reimburse Crescent for the cost of the repairs to the floor truss system. (Crescent's Am. Countercl. ¶ 89.) More specifically, Crescent alleges that as a result of A&P's, AP Atlantic's, and their subcontractors' negligence and improper performance, the Project's truss system failed, which resulted in costs, losses, and damages to Crescent that Crescent was obligated to repair (the "Resulting Damage"). (Crescent's Am. Countercl. ¶ 94.) Crescent alleges that such Resulting Damage constitutes a covered "occurrence" resulting in "property damage" as defined by the Policy (the "Claim"). (Crescent's Am. Countercl. ¶ 95; Arch's Answer ¶ 95, Ex. 1.)

12. On June 2, 2015, Crescent provided notice of its Claim arising from the Resulting Damage by letter to A&P, AP Atlantic, and Arch's representative, Willis of Minnesota, Inc. ("Willis"). (Crescent's Am. Countercl. ¶ 96.) Willis acknowledged

receipt of the Claim and assigned an adjuster and claim number to the Claim. (Crescent's Am. Countercl. ¶ 97.) Crescent alleges that Arch has breached the Policy by not responding to the notice or providing coverage for Crescent's Claim. (Crescent's Am. Countercl. ¶ 99.)

## II.

## PROCEDURAL BACKGROUND

13. On August 5, 2015, AP Atlantic filed this action against Crescent and The Guarantee Company of North America USA, alleging claims arising out of the Project for (i) breach of the Construction Contract, (ii) suit on bond/enforcement of a claim of lien on real property, (iii) priority and, in the alternative, enforcement of the claim of lien, and (iv) in the alternative, quantum meruit. AP Atlantic subsequently filed an amended complaint on November 20, 2015, alleging various alternative claims against the subcontractor defendants for either breach of contract or negligence.

14. On January 29, 2016, Crescent filed its Answer to the Amended Complaint and asserted a counterclaim against AP Atlantic for breach of the Construction Contract. At the time Crescent filed its counterclaim, Crescent was the plaintiff in a related federal court litigation against AP Atlantic and Arch (the "Federal Court Action").

15. On April 14, 2016, the above-captioned case was designated a complex business case under Rules 2.1 and 2.2 of the General Rules of Practice for the Superior and District Courts and assigned to the undersigned. Thereafter, the parties in this action and in the Federal Court Action agreed to attempt to consolidate the two

actions into one forum. Pursuant to that agreement, Crescent voluntarily dismissed the Federal Court Action and, on August 19, 2016, filed a substantially similar action against AP Atlantic in Mecklenburg County Superior Court captioned *Crescent University City Venture, LLC v. Adolfson & Peterson, Inc*, 2016-CVS-14844 (the "Crescent Action"). The Crescent Action was designated as a mandatory complex business case pursuant to N.C. Gen. Stat. 7A-45.4(b) and assigned to the undersigned by Order of Chief Business Court Judge James L. Gale on August 22, 2016.

16. Shortly thereafter, Crescent moved for consolidation of the above-captioned case and the Crescent Action. On October 10, 2016, the Court consolidated the two actions and designated the above-captioned case as the "Lead Action" for all purposes (the "Consolidation Order").

17. Before the Court entered the Consolidation Order, Crescent moved to amend its counterclaim against AP Atlantic to add Arch as a party to assert a claim against Arch for breach of contract. The claim against Arch for breach of contract had also been asserted by Crescent against Arch in the Federal Court Action.

18. AP Atlantic objected to Crescent's proposed amendment on grounds of undue prejudice and futility. The Court rejected both of AP Atlantic's assertions and, on January 13, 2017, entered an Order granting Crescent's Motion to Amend under N.C. R. Civ. P. 15. The Court concluded that Crescent's allegations were "sufficient to state a claim for breach of contract, and AP Atlantic's attachment of two pages of the Policy to its response brief does not convince the Court that Crescent's proposed

counterclaim would be clearly futile." (Order Mot. Am. Countercl. to Add Additional Countercl. Def. 4.)

19. On January 19, 2017, Crescent filed its Answer and Amended Counterclaim, asserting claims against AP Atlantic and Arch, each for breach of contract (as to Arch, the "Claim Against Arch").

20. On March 27, 2017, Arch filed its responsive pleading to the Answer and Amended Counterclaim and moved for judgment on the pleadings under N.C. R. Civ. P. 12(c) seeking dismissal of the Claim Against Arch. Arch attached and incorporated into its responsive pleading the entire Policy.[6]

21. After full briefing, the Court held a hearing on the Motion on May 31, 2017, at which Arch and Crescent were represented by counsel.

22. The Motion is now ripe for resolution.

III.

LEGAL STANDARD

23. A motion for judgment on the pleadings under Rule 12(c) "is the proper procedure when all the material allegations of fact are admitted in the pleadings and only questions of law remain." *Ragsdale v. Kennedy*, 286 N.C. 130, 137, 209 S.E.2d 494, 499 (1974). The Court must "view the facts and permissible inferences in the light most favorable to the nonmoving party," *id.*, and may consider "only the pleadings and exhibits which are attached and incorporated into the pleadings[,]"

---

[6] Arch titled its filing as "Arch Insurance Company's Answer to Third-Party Plaintiff Crescent University Venture, LLC's Answer & Amended Counterclaim to Amended Complaint and Third-Party Complaint."

*Davis v. Durham Mental Health/Dev. Disabilities/Substance Abuse Area Auth.*, 165 N.C. App. 100, 104, 598 S.E.2d 237, 240 (2004) (quoting *Helms v. Holland*, 124 N.C. App. 629, 633, 478 S.E.2d 513, 516 (1996)). "[W]hen a complaint does not allege 'facts sufficient to state a cause of action or pleads facts which deny the right to any relief[,]'" the court should grant a Rule 12(c) motion. *Reese v. Brooklyn Vill., LLC*, 209 N.C. App. 636, 641, 707 S.E.2d 249, 253 (2011) (quoting *Robertson v. Boyd*, 88 N.C. App. 437, 440, 363 S.E.2d 672, 675 (1988)).

IV.

ANALYSIS

24.     Arch argues that the Court should enter judgment in its favor as to Crescent's breach of contract claim against Arch because Crescent (i) does not have a contractual or legal right to sue Arch directly and (ii) has not pleaded facts to support a claim against Arch under the Policy.

25.     As to Arch's first argument, Arch contends that *Wilson v. Wilson*, 121 N.C. App. 662, 468 S.E.2d 495 (1996) establishes that Crescent (as an additional insured with a claim against AP Atlantic (the named insured)) cannot maintain a direct action against Arch (the insurer). (Arch's Br. Supp. Mot. J. Pleadings 4–6.) Crescent objects to Arch's characterization of Crescent's Claim Against Arch as well as Arch's interpretation of *Wilson* and argues that, as pleaded, Arch has contractual obligations to Crescent independent of any obligations Arch may owe to AP Atlantic. (Crescent's Resp. Opp'n Mot. J. Pleadings 4–6.) The Court agrees with Crescent.

26. *Wilson* does not change this result and is easily distinguished. The Court of Appeals has explained its holding in *Wilson* as follows: "[i]n *Wilson*, we established the rule, that when 'plaintiff is neither an insured nor in privity with the insurer . . . a private right of action under N.C.G.S. § 58-63[-]15 and N.C.G.S. § 75-1.1 may not be asserted by a third-party claimant against the insurer of an adverse party.'" *Murray v. Nationwide Mut. Ins. Co.*, 123 N.C. App. 1, 14–15, 472 S.E.2d 358, 365 (1996) (quoting *Wilson*, 121 N.C. App. at 665, 468 S.E.2d at 497). Critical to the *Wilson* court's conclusion was the fact that the plaintiff's relationship to the defendant insurer was "as a third[-]party because she [sought] to recover from the insurer's liability coverage provisions for her husband, *rather than from a coverage provision provided for her own interest.*" *Wilson*, 121 N.C. App. at 667, 468 S.E.2d at 498–99 (emphasis added).

27. Unlike the plaintiff in *Wilson*, Crescent asserts a claim for breach of contract against Arch as an additional insured under the Policy. As a result, Crescent is in privity with Arch, with direct contract rights under the Policy, and asserts rights under the Policy under a provision provided for Crescent's own interest. *Wilson* therefore has no application on the facts as alleged. *See, e.g.*, *Murray*, 123 N.C. App. at 15, 472 S.E.2d at 366 (holding that because plaintiff was an intended beneficiary of the [insurance policy], plaintiff and the insurer were in privity of contract, which made *Wilson* inapplicable); *see also, e.g.*, *Pecker Iron Work of N.Y., Inc. v. Traveler's Ins. Co.*, 99 N.Y.2d 392, 393 (N.Y. 2003) ("Additional insured is a recognized term in insurance contracts . . . [with] the well-understood meaning . . . [of] an entity enjoying

the same protection as the named insured." (internal quotations and citations omitted)).

28. Accordingly, viewing Crescent's allegations and the Policy in the light most favorable to Crescent, the Court concludes that, unlike the plaintiff in *Wilson*, Crescent has pleaded facts in support of its contention that Arch provided coverage to Crescent in Crescent's own right and for Crescent's own interest and that "Arch has breached the Policy by not responding to Crescent's claim and not accepting coverage for Crescent's claim under the Policy[.]" (Crescent's Am. Countercl. ¶ 99.) As a result, Arch has failed to persuade the Court that Crescent does not have a contractual or legal right to sue Arch directly under the holding in *Wilson*.

29. For its second argument, Arch contends that Crescent has not pleaded facts demonstrating that Arch's coverage obligations to Crescent as an additional insured have been triggered under the Policy. The Policy provides that Arch will pay sums that an insured, including Crescent as an additional insured, "becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies[,]" subject to various limitations and exclusions. (Arch Answer Ex. 1, 64, 95.) Arch asserts that Crescent's Claim Against Arch must be dismissed because it fails to allege that Crescent ever became "legally obligated to pay as damages," as that term is defined in *Lida Manufacturing Co. v. United States Insurance Co.*, 116 N.C. App. 592, 448 S.E.2d 854 (1994). Crescent does not dispute the holding in *Lida* but instead contends that *Lida* does not require a third-party to

have an active case or obtained a judgment against the insured to have successfully pleaded that the insured is "legally obligated to pay as damages."

30. In North Carolina, "different rules of construction govern the interpretation of policy provisions which extend coverage as opposed to policy provisions which exclude coverage." *State Capital Ins. Co. v. Nationwide Mut. Ins. Co.*, 318 N.C. 534, 538, 350 S.E.2d 66, 68 (1986) (emphasis omitted). Provisions of insurance policies extending coverage "must be construed liberally so as to provide coverage, whenever possible by reasonable construction." *Id.* (citing *Moore v. Hartford Fire Insurance Co.*, 270 N.C. 532, 155 S.E.2d 128 (1967); *Jamestown Mutual Insurance Co. v. Nationwide Mutual Insurance Co.*, 266 N.C. 430, 146 S.E.2d 410 (1966)). Provisions excluding coverage "are not favored and therefore all ambiguous provisions will be construed against the insurer and in favor of the insured." *Id.* (citing *Wachovia Bank & Trust Co. v. Westchester Fire Insurance Co.*, 276 N.C. 348, 172 S.E.2d 518 (1970)).

31. "A contract which is plain and unambiguous on its face will be interpreted as a matter of law by the court. If the agreement is ambiguous, however, interpretation of the contract is a matter for the jury." *Metcalf v. Black Dog Realty, LLC*, 200 N.C. App. 619, 633, 684 S.E.2d 709, 719 (2009) (quoting *Dockery v. Quality Plastic Custom Molding, Inc.*, 144 N.C. App. 419, 421–22, 547 S.E.2d 850, 852 (2001)); *see also De Torre v. Shell Oil Co.*, 84 N.C. App. 501, 504, 353 S.E.2d 269, 272 (1987) (holding that only questions of law remain on a breach of contract claim when the court can construe the plain and unambiguous language of the contract to determine if it has been breached). "Ambiguity exists where the contract's language is

reasonably susceptible to either of the interpretations asserted by the parties." *Dockery v. Quality Plastic Custom Molding, Inc.*, 144 N.C. App. 419, 422, 547 S.E.2d 850, 852 (2001).

32.     Turning then to the language at issue, the phrase "legally obligated to pay as damages" is not defined in the Policy.  Thus, the Court "must read the phrase in accordance with 'the ordinary meaning of [that phrase].'" *Pulte Home Corp. v. Am. S. Ins. Co.*, 185 N.C. App. 162, 167, 647 S.E.2d 614, 618 (2007) (alteration in original) (quoting *City of Greenville v. Haywood*, 130 N.C. App. 271, 276, 502 S.E.2d 430, 433–34 (1998)).

33.     The Court of Appeals had the opportunity to consider the ordinary meaning of this specific phrase in a commercial general liability insurance policy similar to the Policy here in its decision in *Lida*.  In that case, the Court of Appeals concluded that the ordinary meaning of the phrase "legally obligated to pay as damages" required that a third-party "must have a cause of action [against the insured and] 'a remedy by which it can reduce its right to damage to judgment[.]'" *Id.* at 595, 448 S.E.2d at 856 (quoting *Silvers v. Horace Mann Ins. Co.*, 324 N.C. 289, 293–94, 378 S.E.2d. 21, 24 (1989)).

34.     As Crescent notes, the court in *Lida* did not hold that the cause of action had to be asserted in pending litigation or that a judgment had to be rendered for an insured to be "legally obligated to pay as damages."  Instead, the *Lida* court concluded that the third-party's inability to "'reduce [its] right to damage to judgment' because of [a] covenant not to execute" rendered the insured "not 'legally obligated to pay' [the

third-party] for any damages[.]" *Id.* at 596, 448 S.E.2d at 857. As a result, the court concluded that the insurance company's obligation under the policy was extinguished. *Id.* ("A defendant insurance company's liability is 'derivative in nature; therefore, its liability depends on whether or not its insured is liable to the [third-party].'")

35.   Here, neither party has asserted an interpretation of the ordinary meaning of the phrase "legally obligated to pay as damages" in the Policy that is inconsistent with the Court of Appeals' interpretation of materially identical policy language in *Lida*, and the Court concludes, in light of *Lida*, that the phrase "legally obligated to pay as damages" is unambiguous.[7] *Dockery*, 144 N.C. App. at 422, 547 S.E.2d at 852. Liberally construing the phrase to provide coverage whenever possible by reasonable construction, the Court concludes that the definition articulated in *Lida* states the plain and ordinary meaning of the phrase as it is used in the Policy at issue in this case. Thus, the Court concludes that the phrase "legally obligated to pay as damages," as used in the Policy, requires that a third-party "must have a cause of action [against the insured and] 'a remedy by which it can reduce its right to damage to judgment[.]'" *Id.* at 595, 448 S.E.2d at 856.

36.   Turning then to the allegations forming the basis for Crescent's claim against Arch, Crescent avers that it "was obligated to repair damage resulting from the truss failures[,]" (Crescent's Am. Countercl. ¶ 94), because "[i]f not repaired

---

[7] Crescent admits in its brief that "[t]he Arch Policy provides that Arch is required to indemnify Crescent for <u>property damage</u> liability arising out of an occurrence relating to damages caused by the work of AP Atlantic and its subcontractors." (Crescent's Resp. Opp'n Mot. J. Pleadings 6.) Crescent thus recognizes that policy coverage is triggered when Crescent has "property damage liability," i.e., when Crescent is liable to a third-party for property damage.

immediately, these deficiencies and failures could have led to life-safety consequences[,]" (Crescent's Am. Countercl. ¶ 79). Crescent nowhere alleges, however, that a *third-party* had or has a cause of action for damages against Crescent because of "property damage" or "bodily injury" covered under the Policy.

37. Viewing these allegations in the light most favorable to Crescent, the Court finds that they fail to allege facts showing that a third-party had or has a cause of action and a remedy by which it can reduce its right to damage to judgment against Crescent. As a result, the Court concludes that, as pleaded, Arch's obligation to indemnify Crescent under the Policy has not been triggered, and, thus, that Arch has not breached its contractual obligations under the Policy to Crescent as an additional insured. The Court therefore dismisses Crescent's breach of contract claim against Arch without prejudice.

V.

CONCLUSION

38. Based on the foregoing, the Court hereby **GRANTS** Arch's Motion for Judgment on the Pleadings and **DISMISSES** Crescent's breach of contract claim against Arch without prejudice.[8]

**SO ORDERED**, this the 13th day of July, 2017.

/s/ Louis A. Bledsoe, III
Louis A. Bledsoe, III
Special Superior Court Judge
  for Complex Business Cases

---

[8] This Order and Opinion does not address or impact any obligations Arch may have under the Policy to AP Atlantic.