An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-296

Filed 17 December 2025

Orange County, No. 24CVS000447-670

LOIC TAGNE, Plaintiff,

v.

THE UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL, Defendant.

Appeal by plaintiff from order entered 14 November 2024 by Judge Allen Baddour in Orange County Superior Court. Heard in the Court of Appeals 15 October 2025.

*Buckmiller & Frost, PLLC, by Matthew W. Buckmiller, for plaintiff-appellant.*

*Attorney General Jeff Jackson, by Special Deputy Attorney General Anne Phillips Martin, for defendant-appellee.*

ZACHARY, Judge.

Plaintiff Loic Tagne appeals from the order granting Defendant The University of North Carolina at Chapel Hill's motion to dismiss his amended complaint seeking damages for breach of contract. After careful review, we conclude that the trial court did not err in granting Defendant's motion to dismiss pursuant to Rule 12(b)(6); taking the allegations of Plaintiff's complaint as true, Plaintiff failed to state a claim

upon which relief could be granted where Defendant did not breach the unambiguous terms of the alleged contracts.

## I.     Factual Background

In December 2022, Defendant offered Plaintiff admission to the full-time Master of Business Administration program at Kenan-Flagler Business School, which he accepted in January 2023. In his admission letter, Plaintiff was notified that he had been awarded a Consortium for Graduate Student in Management ("CGSM") Fellowship. The letter stated that the CGSM Fellowship award was "equal to the cost of tuition and fees per academic year" for the two years of the program and that the fellowship funds would be "disbursed directly to the University Cashier's Office to pay tuition and fees." However, the fellowship funds would "not cover optional charges such as University student health insurance plan, housing, and meal plans."

In June 2023, Plaintiff received a second offer letter from Defendant, which informed him that he had also been awarded the Bank of America ("BofA") MBA Fellowship. The BofA Fellowship was similarly "equal to the cost of tuition and fees per academic year" for the two years of the program but included a $5,000 annual stipend; the disbursement language was identical to the first letter. This second letter referred to Plaintiff as "a Consortium member and fellowship recipient."

In April 2024, during his first year as a student in the MBA program, Plaintiff filed a complaint against Defendant's Board of Governors, alleging breach of contract. Plaintiff asserted that he had "entered into two contracts with [Defendant]: (i) the CGSM Fellowship and (ii) the BofA Fellowship," and that "[Defendant had] breached the terms of said fellowships by failing to refund to [Plaintiff] the full value of one of the scholarships." Plaintiff argued that he was presently entitled to $71,000—"the annual tuition amount of the business school for an out-of-state student"—and would be entitled to an additional $71,000 over the course of his second year in the MBA program. On 30 May 2024, Plaintiff amended his complaint, omitting the Board of Governors and adding "The University of North Carolina at Chapel Hill" as Defendant.

On 1 July 2024, Defendant filed a motion to dismiss on the grounds of "sovereign immunity, lack of subject[-]matter jurisdiction, lack of personal jurisdiction, and/or failure to state a claim." Defendant filed its answer that same day, characterizing the second fellowship offer letter as an "updated fellowship offer letter" delivered for two purposes: "(i) to reflect the name of the entity providing the fund for [Plaintiff]'s CGSM Fellowship award (i.e., Bank of America), and (ii) to increase the amount of [Plaintiff]'s CGSM Fellowship award to include a stipend of $5,000 per year." Defendant denied "that [Plaintiff] was offered a second fellowship award or that the updated letter [Plaintiff] received in June 2023 entitled [Plaintiff]

to an award amount greater than the cost of tuition and fees for one out-of-state student, plus a $5,000 stipend, each year for up to two years."

Defendant's motion to dismiss came on for hearing on 12 November 2024. The trial court reasoned that "the contract requires payment . . . equal to the cost of tuition and fees; but if one of those [fellowships] pays it in full, the other one has no obligation to pay it again because the tuition and fees are now zero." The court concluded that "as a matter of law, . . . the contracts were complied with" and entered an order granting Defendant's motion to dismiss.

Plaintiff gave timely notice of appeal.

## II.    Discussion

Plaintiff raises one issue on appeal: whether the trial court erred in granting Defendant's motion to dismiss for failure to state a claim upon which relief could be granted. We conclude that Defendant complied with the terms of the contracts referenced in Plaintiff's amended complaint, and thus, the trial court did not err in granting Defendant's motion to dismiss.

### A.    Standard of Review

"The standard of review of an order granting a 12(b)(6) motion is whether the complaint states a claim for which relief can be granted under some legal theory when the complaint is liberally construed and all the allegations included therein are taken as true." *Burgin v. Owen*, 181 N.C. App. 511, 512, 640 S.E.2d 427, 428, *cert. denied*, 361 N.C. 690, 652 S.E.2d 257 (2007). Dismissal is proper where: "(1) the complaint on

its face reveals that no law supports the plaintiff's claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff's claim." *Wood v. Guilford Cty.*, 355 N.C. 161, 166, 558 S.E.2d 490, 494 (2002). "On appeal of a 12(b)(6) motion to dismiss, this Court conducts a de novo review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Burgin*, 181 N.C. App. at 512, 640 S.E.2d at 429 (cleaned up).

## B. Breach of Contract

"The elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that contract." *Poor v. Hill*, 138 N.C. App. 19, 26, 530 S.E.2d 838, 843 (2000). "[I]n any breach of contract action, the complaint must allege the existence of a contract between the plaintiff and the defendant, the specific provisions breached, the facts constituting the breach, and the amount of damages resulting to the plaintiff from such breach." *Howe v. Links Club Condo. Ass'n*, 263 N.C. App. 130, 139, 823 S.E.2d 439, 448 (2018) (cleaned up).

"A contract which is plain and unambiguous on its face will be interpreted as a matter of law by the court. If the agreement is ambiguous, however, interpretation of the contract is a matter for the jury." *Dockery v. Quality Plastic Custom Molding, Inc.*, 144 N.C. App. 419, 421–22, 547 S.E.2d 850, 852 (2001) (citation omitted).

Here, the parties' arguments are confined to the question of whether Defendant breached the terms of the contracts alleged in Plaintiff's amended

complaint. The substance of Plaintiff's breach of contract claim is that because Defendant awarded Plaintiff two fellowships covering tuition and fees, it owed Plaintiff "the full value of one of the scholarships" for each of the two years of the MBA program, that is, $142,000.

Both fellowship letters state: "Your fellowship award is equal to the cost of tuition and fees per academic year" and "All fellowship funds are disbursed directly to the University Cashier's Office to pay tuition and fees." The primary differences between the first and second letters is that in the second letter, Defendant refers to Plaintiff as "a Consortium member and fellowship recipient" and notifies Plaintiff of the award of a $5,000 annual stipend.

Defendant argues that "under both [f]ellowships, [it] was only required to remit to the University Cashier's Office any amounts that Plaintiff would owe for tuition and fees." Plaintiff, however, disputes this interpretation, contending that "[t]he contracts do not state that *only* Plaintiff's tuition and fees will be paid for, [they] indicate[ ] that each award is equal 'to the cost of tuition and fees per academic year.' " (Emphasis added). He asserts that "[t]he June correspondence specifically notes that [Plaintiff] is both a 'Consortium member and fellowship recipient' and therefore [is] entitled to the receipt of both fellowship funds," and that the disbursement sentence either "merely discusses the procedure for disbursement" or "is inconsistent with the 'equal to' sentence, creating an ambiguity in the contracts."

The terms of the fellowship letters are not "reasonably susceptible" to Plaintiff's interpretation. *See id.* at 422, 547 S.E.2d at 852. "When the [fellowship letters are] read as a whole and the language of the [fellowship letters] is accorded its plain and ordinary meaning, the intent of the parties at the moment of . . . execution emerges clearly." *Galloway v. Snell*, 384 N.C. 285, 291, 885 S.E.2d 834, 838 (2023) (cleaned up). Under Plaintiff's proffered interpretation of the terms, Defendant entered into contracts with him to not only pay the entirety of the tuition and fees for a two-year professional degree, as well as a $5,000 annual stipend, but to pay Plaintiff an additional $142,000 over the course of the degree. Yet, this interpretation clashes with the multiple references to "tuition and fees," which are used as reference points to indicate the amount of the fellowships and the disbursement procedure.

A reasonable reading of the phrase "equal to the cost of tuition and fees" is that Defendant offered to pay no less than the total tuition and fees, but would not pay any additional sums to cover, for example, housing.[1] Far from Plaintiff's contention that the "equal to" and "disbursement" sentences are inconsistent with each other, they read harmoniously: Defendant offered to pay all of Plaintiff's tuition and fees and chose to do so directly, rather than sending the funds to Plaintiff for him to remit to Defendant. A reasonable reading of the fellowships demonstrates that Defendant

---

[1] Indeed, the fellowship letters explicitly state: "Please note that this [fellowship] amount does not cover optional charges such as University student health insurance plan, housing, and meal plans." Under Plaintiff's interpretation of the letters, this term would be rendered meaningless.

made one contract with Plaintiff to pay his tuition and fees, and a second contract to pay his tuition, fees, and a stipend. When Defendant performed under the second contract, it necessarily performed under the first contract as well.

In addition, Plaintiff's interpretation would result in a windfall for out-of-state students due merely to their out-of-state status, given the discrepancy between in- and out-of-state tuition costs. Plaintiff has offered no explanation as to why this would be a reasonable outcome; rather, this consequence further indicates that a reasonable reading of the fellowship letters was not that Plaintiff was owed a lump sum equal to tuition and fees, but that Defendant agreed, under both contracts, to pay Plaintiff's tuition and fees on his behalf.

Accordingly, when construed as true, Plaintiff has failed to allege facts constituting a breach of contract. We conclude that the contract terms are "plain and unambiguous": Defendant agreed to pay Plaintiff's tuition, fees, and provide a $5,000 annual stipend for the two years of the program. *Dockery*, 144 N.C. App. at 421, 547 S.E.2d at 852 (citation omitted). Because Defendant fully performed under the terms of the contracts, we conclude that the trial court did not err in granting Defendant's motion to dismiss, as "the complaint on its face reveals the absence of facts sufficient to make a good claim." *See Wood*, 355 N.C. at 166, 558 S.E.2d at 494.

### III.    Conclusion

Taking the allegations of Plaintiff's amended complaint as true, the terms of the contracts into which Plaintiff and Defendant entered were plain and

unambiguous and Defendant fully performed under the terms of those contracts. Thus, we conclude that the trial court did not err in granting Defendant's motion to dismiss for failure to state a claim upon which relief could be granted.

AFFIRMED.

Judges TYSON and ARROWOOD concur.

Report per Rule 30(e).