BEACHCRETE, INC., Plaintiff-Appellant v. WATER STREET CENTER ASSOCIATES, L.L.C. and AMERICAN HOME ASSURANCE COMPANY, Defendants-Appellees

No. COA04-557

(Filed 2 August 2005)

**Construction Claims— breach of contract—unjust enrich-ment—payment bond—contractual limitations period**

The trial court did not err in a breach of contract and unjust enrichment case by granting defendant surety's motion to dismiss under N.C.G.S. § 1A-1, Rule 12(c) plaintiff subcontractor's action to collect money owed from the general contractor under provisions of a payment bond arising out of a construction project based on the one-year contractual limitations period contained in the payment bond, because: (1) although plaintiff contends the document attached to defendant's answer referring to a final request for payment on the project should not have been considered, it was specifically referred to in defendant's answer on four separate occasions and could properly be considered part of the

pleadings in ruling upon defendant's motion to dismiss; (2) plaintiff lost the right to contest the issue of when the one-year limitations period set forth in the payment bond commenced since plaintiff failed to argue in its brief that the trial court erred by stating the parties stipulated that plaintiff failed to file this action prior to the expiration of the one-year contractual limitations period contained within the payment bond, nor does it argue that it did not enter into the stipulation or that it was somehow invalid; (3) although plaintiff contends the one-year limitations period contained in the payment bond is unenforceable, plaintiff who is seeking the benefit of the payment bond must also accept its burdens and by its own stipulation, plaintiff did not present its claim in a timely manner; (4) although plaintiff argues that insurance contracts are to be construed in favor of the insured and against the insurer, a payment bond is a contract of suretyship and plaintiff is a third-party beneficiary of the payment bond, and there is no need to apply rules of construction when the provision in the contract is clear; (5) although plaintiff contends that the one-year limitations period is void as a violation of N.C. Gen. Stat. § 58-3-35 which prohibits insurers from limiting the time in which suit may be commenced to less than the period prescribed by law, insurance and suretyship are not synonyms; and (6) although plaintiff argues that the one-year limitations period contained in the payment bond is not a limitations period for filing suit, the pertinent provision explicitly limited the time in which plaintiff could file suit under the payment bond and plaintiff's own stipulation acknowledged that this was a one-year contractual limitations period.

Appeal by plaintiff from judgment entered 2 March 2004 by Judge Charles H. Henry in New Hanover County Superior Court. Heard in the Court of Appeals 1 February 2005.

*Scott T. Slusser, for plaintiff-appellant.*

*Parker Poe Adams & Bernstein, LLP, by Brian D. Darer and Farah Rodenberger, for defendant-appellee, American Home Assurance Company.*

STEELMAN, Judge.

Water Street Center Associates, L.L.C. (Water Street) is the owner of the Water Street Center, Wilmington (the Project), which is a private construction project consisting of offices and condominiums.

BEACHCRETE, INC. v. WATER STREET CTR. ASSOCS., L.L.C.

[172 N.C. App. 156 (2005)]

Miller Building Company (Miller) was general contractor on the project. On 15 December 1999, Miller gave to Water Street a payment bond on the project in the amount of $8,269,954.00. American Home Assurance Company (defendant) was the surety on this bond. By the terms of the bond, Miller agreed to pay "all lawful claims of sub-contractors, materialmen or laborers for labor performed or materials furnished directly to the principal in performance of said contract." The payment bond also contained the following provision:

> No suit or action shall be commenced hereunder by any claimant: (a) After the expiration of one (1) year following the date on which Principal ceased work on said Contract, it being understood, however, that if any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended to as to be equal to the minimum period of limitation permitted by such law.

Plaintiff is a North Carolina corporation in the business of commercial concrete construction. On 18 April 2000, Miller entered into an agreement with plaintiff as a subcontractor, whereby plaintiff agreed to furnish labor for the installation of pile cap foundations at the project. Plaintiff's total contract price for this work was $358,818.44. Plaintiff completed all work required of it pursuant to contract and was paid by Miller for all the work except $35,881.77 representing a ten percent (10%) retainage of the total contract price. This retainage was due upon unqualified written acceptance and full and final payment by Water Street to Miller.

Miller allegedly received final payment, from Water Street, in the amount of $25,289.39 on or about 11 December 2001. On 30 August 2002, plaintiff filed suit against Miller in a separate action for money owed on the project. This was approximately nine months after the alleged final payment to Miller by Water Street. On 2 September 2003, the Superior Court of New Hanover County entered judgment against Miller for monies owed under the subcontract agreement.

Plaintiff filed this suit against defendant and Water Street on 28 May 2003. Plaintiff first learned of the existence of the payment bond immediately prior to filing this action. Plaintiff's complaint sought to recover $35,881.77 from Water Street under theories of breach of contract and unjust enrichment. It also sought to collect from defendant the same amount under the provisions of the payment bond. On 26 June 2003, plaintiff voluntarily dismissed its claims against Water Street. By order filed 2 March 2004, the trial court denied plaintiff's

**BEACHCRETE, INC. v. WATER STREET CTR. ASSOCS., L.L.C.**

[172 N.C. App. 156 (2005)]

motion for summary judgment and granted defendant's motion for judgment on the pleadings, dismissing plaintiff's action. The trial court specifically held that the basis of this ruling was the one year contractual limitations period contained in the payment bond. From this order, plaintiff appeals.

In its first argument, plaintiff contends that the trial court erred in granting defendant's motion to dismiss pursuant to Rule 12(c) of the North Carolina Rules of Civil Procedure. We disagree.

Plaintiff first argues that the court improperly considered a document that was attached to defendant's answer. The document in question was Miller's final request for payment to Water Street Center and was specifically referred to in defendant's answer on four separate occasions. The court properly considered that document to be a part of the pleadings in ruling upon defendant's motion to dismiss pursuant to Rule 12(c). *Minor v. Minor*, 70 N.C. App. 76, 78, 318 S.E.2d 865, 867 (1984).

Plaintiff next argues that there are contradictory allegations in the pleadings as to when the one year limitations period set forth in the payment bond commenced.

Judge Henry's order contains the following language: "The parties stipulated that Plaintiff failed to file this action prior to the expiration of the one (1) year contractual limitations period contained within the Payment Bond." Plaintiff did not assign this statement in the order as error in the record, and does not argue that it did not enter into the stipulation, or that it was somehow invalid, in its brief. Plaintiff has lost the right to contest this issue. N.C. R. App. P. Rule 10(c)(1); *Bledsoe v. County of Wilkes*, 135 N.C. App. 124, 125, 519 S.E.2d 316, 317 (1999).

Plaintiff next argues that the one year limitations period contained in the payment bond is unenforceable. Plaintiff acknowledges that there is no case law in North Carolina supporting this proposition, but urges this Court to liberally construe the payment bond to protect its interests.

The payment bond was given by Miller as principal and defendant as surety to Water Street to insure that lawful claims of subcontractors, materialmen, or laborers for labor performed on the project were paid. The payment bond expressly states that it was for "the benefit of any subcontractor, materialman or laborer." Thus, although plaintiff was not a party to the payment bond, its express

terms allow it to institute an action against the surety if it is not paid by the contractor. However, those same terms which give the plaintiff the right to seek payment from the surety, place explicit limitations upon this right. The payment bond specifically provides: "No suit or action shall be commenced hereunder by any claimant a) after the expiration of one (1) year following the date on which Principal ceases work on said contract . . . ." Plaintiff, seeking the benefit of the payment bond, must also accept its burdens. *See RGK, Inc. v. United States Fidelity & Guaranty Co.*, 292 N.C. 668, 684-85, 235 S.E.2d 234, 244 (1977).

Plaintiff then contends that its claims against Miller are controlled by a three year statute of limitations and that this should control over the provisions of the payment bond. This argument is specious. Defendant's obligations to plaintiff are specifically limited by the terms and conditions of the payment bond, which provide for a one year period to present claims. By its own stipulation, plaintiff did not present its claim in a timely manner.

Plaintiff further argues that insurance contracts are to be construed in favor of the insured and against the insurer. A payment bond is a contract of suretyship, not insurance. Plaintiff is a third-party beneficiary of the payment bond, not an insured. Further, rules of construction are used to interpret ambiguities in contracts. They are not used to rewrite provisions to fit the needs of a litigant. Where a provision in an agreement (such as the limitations provision) is clear and unambiguous on its face, there is no need to apply rules of construction. *Jones v. Palace Realty Co.*, 226 N.C. 303, 305, 37 S.E.2d 906, 907 (1946); *North Carolina Farm Bureau Mut. Ins. Co. v. Mizell*, 138 N.C. App. 530, 532, 530 S.E.2d 93, 95 (2000).

Plaintiff next argues that the one year limitations period is void as a violation of N.C. Gen. Stat. § 58-3-35 (2004). This statute prohibits insurers from limiting the time in which suit may be commenced to less than the period prescribed by law. Again, insurance and suretyship are not synonyms. " 'While insurance contracts are in many respects similar to surety contracts, there is a very wide difference between them.' 44 C.J.S. Insurance § 1, p. 473. The statutory provisions that control and regulate insurance in this state are contained in Chapter 58 of the General Statutes entitled: 'Insurance'; those that regulate suretyship in Chapter 26 entitled 'Suretyship.' " *Henry Angelo & Sons, Inc. v. Property Dev. Corp.*, 63 N.C. App. 569, 574, 306 S.E.2d 162, 166 (1983).

Finally, plaintiff argues that the one year limitations period contained in the payment bond is not a limitations period for filing suit, citing the case of *MCI Constructors, Inc. v. Hazen & Sawyer*, P.C., 310 F. Supp. 2d 754 (M.D.N.C., 2004), *aff'd in part, rev'd in part on other grounds*, 125 Fed. Appx. 471 (4th Cir. 2005).

In *MCI*, there was a provision in a performance bond stating "bond must be valid until one year after the date of issuance of the Certificate of Completion." The District court held that this constituted a period for making demand on the performance bond, not a limitations period. The language of the payment bond in the instant case is completely different from that discussed in *MCI*. Here, the bond explicitly states: "No suit or action shall be commenced hereunder." This provision explicitly limited the time in which plaintiff could file suit under the payment bond. Further, plaintiff's own stipulation acknowledged that this was a "one (1) year contractual limitations period."

We find all of plaintiff's arguments to be without merit, and affirm the trial court's dismissal of plaintiff's action.

AFFIRMED.

Judges WYNN and HUDSON concur.